■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MILLER, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered August 6, 1982, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (three counts) and scheme to defraud in the first degree (one count). ¶ On April 19, 1982, defendant was indicted along with Carla Hicks, his wife, and charged with grand larceny in the third degree (three counts) and scheme to defraud in the first degree, all counts arising from a series of bad checks drawn on Hicks' checking account at the First City Bank in the City of Binghamton. After a severance, defendant was convicted by a jury as charged. ¶ The sole issue on appeal is whether the trial court erred by admitting evidence concerning defendant's uncharged criminal conduct. The record shows that defendant met Hicks in September, 1981, and that they were married shortly thereafter on November 20, 1981. In the meantime, on November 6, 1981, a checking account in the name of Carla Hicks was opened at the First City Bank. The $10 utilized to open the account was supplied by defendant. Thereafter, between November 19 and November 21, 1981, Hicks wrote numerous checks which were returned for insufficient funds, and form the basis for the present indictment. At trial, defendant asserted that he was unaware the account lacked sufficient funds when the checks were written, since Hicks had led him to believe that a $10,000 wedding gift had been deposited in the account. The issue of defendant's knowledge became critical at trial. Outside the presence of the jury, the People offered to produce evidence of a previous check writing scheme in October of 1981 involving a checking account in Hicks' name at the Marine Midland Bank, and a similar scheme utilizing an account in the name of one Dawn Baxter. The trial court excluded evidence concerning the Baxter account, since there was only a minimal nexus with defendant, but admitted evidence concerning the second Hicks account for the limited purpose of demonstrating defendant's intent to defraud. There was testimony that defendant was aware of and had participated in the latter scheme. ¶ It is fundamental that evidence of uncharged, criminal conduct may not be utilized solely to establish the criminal disposition of the accused (*People v Fiore,* 34 NY2d 81, 84). Exceptions exist where evidence of prior crimes is probative of an issue in the case other than a defendant's criminal propensity (*People v Ventimiglia,* 52 NY2d 350; *People v Allweiss,* 48 NY2d 40, 46-47). Here, the Marine Midland checking account scheme was virtually contemporaneous with the subject incidents and, while the method utilized was technically distinct, the conduct was sufficiently similar to be probative of intent (*People v Molineux,* 168 NY 264, 297-298; see *People v Dales,* 309 NY 97; Callaghan, Criminal Procedure in New York [3d ed], § 18.12). The evidence was clearly material to the prosecution's case and, contrary to defendant's suggestion, was not merely cumulative. In our view, the trial court properly balanced the degree of probativeness and the potential for prejudice of the proffered evidence. It is further clear that the trial court

determined the question of admissibility as a matter of law (cf. *People v Dellarocco,* 86 AD2d 720). The factual assessment of this evidence was properly left for the jury. ¶ Judgment affirmed. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.