■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY MINOR, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 21, 1982, convicting him of robbery in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Posner, J.), of defendant's motion to suppress identification testimony.

Judgment affirmed.

On the evening of October 8, 1981, defendant and a number of other people entered a Kathy's Fried Chicken Restaurant in Astoria, Queens. Tyrone Stewart, an employee of the restaurant, attempted to join the owner of the restaurant, Patrick Walsh, behind the counter, in order to serve the people who had just entered. As he was doing so, defendant and his accomplices attempted to push open the door which led behind the counter. Stewart and Walsh tried to stop them by pushing on the opposite side of the door. During the ensuing struggle, Stewart glanced up and noticed that defendant had a gun. Both Stewart and Walsh stopped fighting. The perpetrators then went behind the counter and defendant placed a gun to Walsh's ear. The restaurant's cash register was emptied and Walsh gave defendant cash from his pocket. When defendant lowered the gun, Walsh grabbed his hands and the two struggled for the gun for about two minutes. Walsh was able to wrest the gun from defendant's hands, but he and the gun fell down some stairs that led to the basement and defendant ran away.

Both Stewart and Walsh identified defendant from a photographic array as the gunman involved in the robbery. Eventually defendant and two codefendants were tried jointly and defendant was convicted of robbery in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. On appeal, defendant raises several issues, two of which warrant discussion.

In November of 1981, both Stewart and Walsh were in the corridor of a courthouse waiting to appear before a Grand Jury. A detective approached them and asked if he could show them a photographic array. The detective asked Walsh to walk away and showed the photographs to Stewart. Stewart identified pictures of defendant and a codefendant. The detective then showed the pictures to Walsh and asked Stewart to walk away. Walsh identified the same pictures as Stewart. Both men identified defendant as the perpetrator with the gun. At defendant's *Wade* hearing both Stewart and Walsh testified that they were between 10 and 25 feet away from the other person when the other person was looking at the array and that neither of them paid any attention to what the other person was doing.

Defendant claims that the photographic identification of him was the result of a joint viewing since Stewart and Walsh were only 10 feet apart when they were shown the pictures. This, he claims, made the array unduly suggestive and tainted the in-court identifications (see *People v Gaddy,* 98 AD2d 729). In *People v Gaddy* (*supra*), this court found a photographic identification to be suggestive when two witnesses viewed the photographs together and made their identifications by consensus. However, while in the case at bar, the witnesses may have been as close as 10 feet apart, there was no evidence presented to indicate that they jointly viewed the photographs or that they conferred as to their selections. In fact, the evidence indicates that the detective showing the pictures made an effort to separate the witnesses, that the witnesses understood that they were to be separated, and that each witness made an independent identification. Thus, the hearing court properly ruled that the identification procedures were not suggestive. In any event, the circumstances of this case indicate that each witness had an independent basis for identifying defendant and thus their in-court identifications were properly admitted.

The second issue to be discussed arose at trial. Codefendant Darin Robinson took the stand on his own behalf. He testified that he entered the restaurant with two others. A few seconds later three unknown individuals entered the store and committed the crime. Robinson stated that at no time during the

robbery was defendant present. He also stated that he did not see any of the perpetrators in the courtroom.

On several occasions during Robinson's cross-examination the prosecutor asked questions which either implied or directly stated that Robinson had identified defendant as one of the perpetrators. After each question, defendant's attorney made long objections stating that the prosecutor was improperly trying to plant an untrue statement in the juror's minds. Most of these objections were sustained and after each objection, whether sustained or not, the prosecutor changed her question so as not to implicate defendant. Defendant's motion for a mistrial due to the prosecutor's actions was denied.

Defendant contends that the prosecutor's improper questioning after objections had been sustained bordered on the contemptuous and deprived him of a fair trial (see *People v Alicea*, 37 NY2d 601; *People v Stewart*, 92 AD2d 226). If, through her questions, the prosecutor was trying to plant in the jurors' minds the inference that Robinson previously had identified defendant as one of the perpetrators, it was improper and cannot be condoned by this court. However, the prosecutor's alleged misconduct amounted to only a few questions. After each question the jury was made aware of the impropriety of the prosecutor's actions by either defendant's counsel or the court and the prosecutor corrected herself. In both *People v Alicea* (*supra*) and *People v Stewart* (*supra*), highly improper conduct permeated the trial and was far more egregious than in the case at bar. Due to the overwhelming proof of guilt against defendant and the minimal prejudice to him, the alleged improper conduct of the prosecutor in the instant case would not warrant reversal.

We have considered defendant's other claims and find them to be without merit. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.