■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SAYLOR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered April 12, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that he was deprived of a fair trial as a result of prosecutorial misconduct. We note that defendant failed to object to most of the prosecutor's comments challenged on appeal and thus has not preserved his objections thereto for appellate review (People v Nuccie, 57 NY2d 818; People v Baldo, 107 AD2d 751). In any event, upon review of the record, we conclude that the alleged improper conduct did not deprive defendant of a fair trial.

We reject defendant's contention that remarks by the prosecutor that defendant was arrested a block from an elementary school were inflammatory. These remarks were limited in scope and were made only after defendant "opened the door" (see, People v Minor, 104 AD2d 830; People v Rubin, 101 AD2d 71). As to the claim that the prosecutor improperly relied upon facts not in evidence, the court's curative instructions obviated any prejudice arising therefrom (see, People v Baldo, supra; People v Patterson, 83 AD2d 691). While it is true that the prosecutor's summation may have tended to denigrate the defense, and some of the comments would have been better left unsaid, the prosecutor's summation can be evaluated fairly only in comparison to that of the defense (see, People v Blackman, 88 AD2d 620). Analyzed in this context, the prosecutor's summation constituted a fair response to defendant's closing argument (see, People v Gilmore, 106 AD2d 399; People v McCormick, 100 AD2d 723), and to the extent that any remarks were improper, defendant was nonetheless not de-

prived of a fair trial *(see, People v Lowen,* 100 AD2d 518). Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.