■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD SUDLER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 28, 1984, convicting him of grand larceny in the third degree, petit larceny, and issuing a bad check (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed and case remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was indicted for the crimes of grand larceny in the third degree (two counts), petit larceny and issuing a bad check (three counts). The charges stemmed from a series of transactions in which defendant is alleged to have issued checks with the knowledge that there were insufficient funds in the account on which they were drawn and with the intent or belief that payment would be refused upon presentation.

After a jury trial, defendant was convicted of grand larceny in the third degree (one count), petit larceny (one count) and issuing a bad check (two counts). Defendant appealed, arguing, *inter alia,* that Criminal Term erred in permitting the People to establish the necessary intent through the use of 15 checks, not the subject of any count of the indictment, which were dishonored for insufficient funds.

On April 16, 1984, this court reversed the judgment after finding (1) Criminal Term failed to conduct a preliminary

hearing at which the probative value of the evidence was weighed against its prejudicial effect; (2) it was erroneous to admit all 15 checks when a lesser number may have been permissible to establish defendant's intent; and (3) Criminal Term failed to instruct the jury on the limited purpose for which the evidence was offered until the formal jury charge at the close of the trial *(People v Sudler,* 100 AD2d 915).

A new trial on the charges was held on September 25, 1984. As part of their case-in-chief, the People, over defense objections, were permitted to establish that eight other checks, drawn by defendant on the same account, were dishonored for insufficient funds at approximately the same time as the checks in the indictment. Defendant argues the prejudicial effect of these other checks outweighed their probative value and, as a result, he was deprived of a fair trial. We find defendant's argument unpersuasive.

Although it is well established that evidence of uncharged criminal conduct is inadmissible solely to establish criminal disposition, it may be admissible where it is probative of an issue in the case other than defendant's criminal propensity *(see, People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264).

Here, the eight checks, which were dishonored for insufficient funds, were issued by defendant at or about the same time as the two checks for which he was tried. The evidence is therefore probative of defendant's intent, and relevant to negate his claim of mistake *(see, People v Dales,* 309 NY 97; *People v Miller,* 102 AD2d 923). The evidence was not admitted until after the trial court determined, at a pretrial *Molineux* hearing, that the probative value of the evidence outweighed its prejudicial impact *(see, People v Ventimiglia, supra; People v McKinney,* 24 NY2d 180). Additionally, the court properly instructed the jury as to the limited purpose for which the evidence was being offered. Under these circumstances, defendant was not deprived of a fair trial.

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.