■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FLOYD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered February 10, 1983, convicting him of robbery in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of 15 years to life.

Judgment affirmed.

Defendant's claim of error with respect to the court's charge and *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), and remarks made by the prosecutor, have not been preserved for appellate review, and a reversal in the interest of justice is unwarranted under the circumstances of this case (CPL 470.05 [2]; *see, People v Maschi,* 49 NY2d 784, 786; *People v Sidberry,* 109 AD2d 807).

Defendant's claim that his sentence is excessive lacks merit *(see, People v Suitte,* 90 AD2d 80; *People v Roman,* 84 AD2d 851). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FOUST, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered October 17, 1983, convicting him of attempted robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Upon a review of the record, we find that legally sufficient evidence was presented, upon which, when viewed in the light most favorable to the prosecution, a rational trier of fact could have found that the elements of the crime were proved beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621). The alleged prosecutorial misconduct in summation was either not objected to, and therefore any error of law with respect thereto was not preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Baldo,* 107 AD2d 751; *People v Saylor,* 115 AD2d 671), or was harmless in light of the overwhelming proof of defendant's guilt and the court's curative instructions *(cf. People v Wood,* 66 NY2d 374). Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.