■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN IWASZKIEWICZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered January 22, 1985, convicting him of grand larceny in the second degree (three counts), grand larceny in the third degree (three counts), and issuing a bad check (six counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The court did not err in allowing the People to prove that the defendant had issued bad checks on numerous occasions not related to the crimes charged in the indictment. Evidence of such uncharged crimes was probative of the defendant's intent and the absence of mistake with respect to the crimes which were charged *(People v Dales,* 309 NY 97; *People v Molineux,* 168 NY 264; *cf. People v Sudler,* 100 AD2d 915). The defendant's argument that the County Court of Rockland County did not have geographical jurisdiction with respect to the eighth and ninth counts of the indictment is also without merit. Among the elements of the crime of issuing a bad check are (1) that the drawer of the check have knowledge that he does not have sufficient funds with the drawee to cover the check, and (2) that the drawer intend or believe at the time of utterance that the drawee will refuse payment upon presenta-

tion (Penal Law § 190.05 [1] [a], [b]). The record contains sufficient evidence to support the inference that the defendant formed the necessary culpable mental state in Rockland County, so that such county would have geographical jurisdiction (CPL 20.40 [1] [a]; *People v Tullo,* 34 NY2d 712; *People v Chaitin,* 94 AD2d 705, *affd* 61 NY2d 683). Also, the drawee bank was located in Rockland County, and therefore the jury could properly infer that the defendant contemplated and knew that the check would ultimately be dishonored in Rockland County.

Finally, there is no merit to the defendant's contention that he was entitled to a "moral certainty" charge with respect to the People's burden of proof. Such a charge is mandated by statute in prosecutions for larceny by false promise (Penal Law § 155.05 [2] [d]; *People v Churchill,* 47 NY2d 151). However, such a charge is not similarly mandated in a prosecution for larceny by issuance of a bad check (Penal Law § 155.05 [2] [c]). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.