■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHYLLIS CHARNOFF, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (McInerney, J.), rendered March 20, 1985, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a definite term of nine months' imprisonment to a sentence of five years' probation with a condition that she serve a term of imprisonment of 60 days to run concurrently with the period of probation. As so modified, judgment affirmed, and matter remitted to the County Court, Suffolk County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (5).

The trial court properly permitted the People to establish that at or about the same time as the defendant issued the two checks which formed the basis for the charges against her, she had issued nine other checks which had been dishonored. Evidence of such uncharged crimes was probative of the defendant's intent and was relevant to negate her claim of mistake *(see, People v Molineux,* 168 NY 264; *People v Sudler,* 116 AD2d 605; *People v Iwaszkiewicz,* 120 AD2d 746). Similarly unavailing is the defendant's argument that she was unduly prejudiced by the trial court's belated ruling that, in the event she chose to take the stand, the People would be

permitted to question her upon cross-examination about a Uniform Commercial Code statement which had allegedly been forged and falsified by her subsequent to the crime charged. Such conduct went to the "heart of honesty and integrity" of the defendant *(see, People v Sandoval,* 34 NY2d 371, 377), and would have been relevant on the issue of credibility regardless of whether the acts occurred prior or subsequent to the crime charged *(People v Pavao,* 59 NY2d 282, 292, n 3). While a pretrial *Sandoval* determination is preferable *(see, People v Sandoval, supra; People v Ortero,* 75 AD2d 168), the delay in rendering the decision was not prejudicial to the defendant in this case since the court clearly indicated that its initial denial of the People's application for permission to question the defendant about this conduct was tentative and the decision to allow its use was made prior to the time the defendant would have testified.

We find, however, that the sentence was excessive to the extent indicated. In remitting the case for the fixing of the terms and conditions of probation, we would suggest that the County Court consider the recommendation of the Suffolk County Probation Department contained in the presentence report with respect to intensive probationary supervision with special conditions involving community service, restitution and continued psychotherapy.

We have examined the defendant's remaining contentions and find them to be either unpreserved for our review or without merit. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.