■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FREEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 19, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing concurrent terms of imprisonment of 7½ to 15 years and 5 to 15 years.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment of 7½ to 15 years to a term of imprisonment of 5 to 15 years, and as so modified, the judgment is affirmed.

Upon review of the record, we find that the defendant's guilt was established beyond a reasonable doubt by legally sufficient evidence (see, People v Giuliano, 65 NY2d 766, 768; People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

The defendant further contends that numerous instances of prosecutorial misconduct deprived him of a fair trial. The bulk of the alleged improper comments challenged on appeal were not objected to by defense counsel and thus the defendant's objections thereto have not been preserved for appellate review as a matter of law (CPL 470.05 [2]; People v Nuccie, 57 NY2d 818, 819; People v Saylor, 115 AD2d 671). In any case, the prosecutor's comments on summation, on the whole, were a fair response to the defense counsel's closing arguments (see, e.g., People v Saylor, supra; People v Blackman, 88 AD2d 620). In any case, on several occasions during the prosecutor's summation, the trial court issued reminders to the jury that it was not bound by the prosecutor's arguments. The court's instructions alleviated any prejudice which might have arisen from any of the prosecutor's remarks.

We find the sentence was excessive to the extent indicated.

We have considered the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.