■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HENRY KNOX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Scancarelli, J.), rendered April 3, 1984, convicting him of criminal possession of a forged instrument in the second degree and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's sole contention on appeal is that the trial court erred in ruling that the People could adduce proof of various similar crimes which had been previously committed by the defendant in order to prove his intent with respect to the crimes charged in the indictment. This argument is without merit. Evidence of prior similar crimes is particularly probative of guilt with respect to charges involving forgery, or the issuance of bad checks. As the Court of Appeals has stated, "[p]articularly in the instance of such crimes as uttering forged or counterfeit papers—where, in contrast to assault, robbery and the like, the act is equivocal, and the underlying intent not easily to be inferred—'Such evidence has been sanctioned for time out of mind' " *(People v Dales,* 309 NY 97, 101, quoting from *People v Marrin,* 205 NY 275, 283). This court has repeatedly approved the use of such evidence in prosecutions for issuing bad checks *(see, e.g., People v Charnoff,* 121 AD2d 734; *People v Iwaszkiewicz,* 120 AD2d 746; *People v Sudler,* 116 AD2d 605). The trial court in the case under review allowed the People to inquire on only the more recent of the numerous instances in which the defendant attempted to pass bad checks. This ruling was well within the ambit of the court's discretion, and, accordingly, the judgment under review should be affirmed. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.