THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CARUSO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 9, 1986, convicting him of grand larceny in the second degree, grand larceny in the third degree (four counts), and issuing a bad check (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that there was a failure of proof as to all the grand larceny counts. However, viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction on these counts. The grand larceny in the second degree count and three counts of grand larceny in the third degree were submitted to the jury on the theory of the issuance of bad checks. The record contains evidence from which the jury could reasonably infer that the defendant's girlfriend, who had opened a bank account solely for the defendant's use and benefit, and who had executed checks upon his request, acted as his agent in issuing and passing the bad checks in question. Further, with respect to the grand larceny in the third degree count regarding the issuance of a bad check to the Larkwood Travel Agency, it could be inferred from the evidence that the defendant had received an airline ticket from the agency, with the intent not to pay for it.

Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, the trial court correctly allowed into evidence the issuance of 10 checks which were returned for insufficient funds. While the defendant was not charged with any crimes relating to the issuance of these checks, their admission into evidence was necessary to establish the defendant's intent and knowledge that the account on which he drew the dishonored checks did not contain sufficient funds to cover them. Since the trial court limited the number of uncharged checks which the People could introduce and gave clear instructions to the jury as to the limited purpose for which the evidence was being offered, the defendant was not denied a fair trial *(see, People v Charnoff,* 121 AD2d 734, *lv denied* 68 NY2d 756;

*People v Iwaszkiewicz,* 120 AD2d 746, *lv denied* 68 NY2d 813; *People v Sudler,* 116 AD2d 605, *lv denied* 67 NY2d 657).

Finally, under the circumstances herein, the consolidation of the two indictments upon which the defendant was tried *(see, People v Lane,* 56 NY2d 1; *People v Burton,* 134 AD2d 269), and the trial court's denial of an adjournment for a "period of weeks" on the eve of trial *(see, People v Tineo,* 64 NY2d 531; *People v Torres,* 110 AD2d 794) do not warrant reversal of the judgment. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.