■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON IRVING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cooperman, J.), rendered July 27, 1982, convicting him of murder in the second degree, attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the People's evidence, when viewed in a light most favorable to the People, was legally sufficient to establish the defendant's guilt of murder in the second degree *(see, People v Contes,* 60 NY2d 620, 621; *People v Smith,* 124 AD2d 839; *People v Foust,* 117 AD2d 616, *lv denied* 67 NY2d 942).

At bar, the record reveals that three eyewitnesses observed a man stabbing the victim Walter Asbury, who was the same man whom the witnesses had observed stabbing the victim John Corley. Although these witnesses were unable to identify the defendant as the assailant, the victim Corley identified the defendant as the man who had attacked him. Moreover, Corley—who knew the defendant prior to the incident—further testified that, as the defendant was stabbing him, the accomplice John Davis asked the defendant "[W]hat about Walter [Asbury] he's the main one", to which the defendant replied, "I already took care of that". The defendant's contention that the prosecution's witnesses were unworthy of belief is unavailing. Credibility is a matter to be determined by the trier of fact, and the jury's findings on the issues of credibility are to be accorded great weight on appeal *(see, People v*

*Whitted,* 124 AD2d 846, *lv denied* 69 NY2d 835). Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.