■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIE JEFFERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered May 10, 1984, convicting him of rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to the police.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of the crimes charged *(see, People v Lewis,* 64 NY2d 1111; *People v Gruttola,* 43 NY2d 116). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that his arrest was not based upon probable cause is wholly without merit. Only a reasonable suspicion is required to briefly detain a suspect for identification purposes *(People v Hicks,* 68 NY2d 234). Reasonable suspicion arose here when the complainant's mother pointed to the defendant who was standing in a nearby crowd and the defendant fit the description given by the complainant. The defendant was arrested only after the complainant identified him as the man who had raped her. The showup identification was permissible since its purpose was to expediently confirm that the proper person was being arrested *(see, People v Gissendanner,* 48 NY2d 543; *People v McCrimmon,* 131 AD2d 598).

We find that the trial court acted correctly in permitting inquiry into the defendant's prior conviction for criminal possession of stolen property in the third degree as such was not unduly prejudicial *(see, People v Sandoval,* 34 NY2d 371). Nor was the court's decision to allow further questioning based on the underlying facts thereof in error. The scope of cross-examination is within the trial court's discretion *(see, People v Greer,* 42 NY2d 170, 176) and the court may "permit further questioning for the purpose of determining, at least in general terms, what conduct gave rise to the conviction" *(see, People v Bennette,* 56 NY2d 142, 149).

We find no merit to defendant's allegation of prosecutorial

misconduct. The prosecutor's discussion of the credibility of the People's witnesses was appropriate given the fact that the defense had put the credibility of the People's witnesses in issue *(see, People v Freeman,* 123 AD2d 784). In essence, the defense having "opened the door" to the issue of credibility, the comments criticized by the defendant were a fair response by the prosecutor *(see, People v Saylor,* 115 AD2d 671). Moreover, the court sustained objections where appropriate and charged that counsel's statements were not to be considered evidence. The combination of these factors should be construed as a proper amelioration of possible prejudice *(see, People v Arce,* 42 NY2d 179, 190). The defendant's other contentions regarding prosecutorial misconduct were not preserved for appellate review *(see,* CPL 470.05 [2]).

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.