■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BLUE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Beerman, J.), rendered September 11, 1987, convicting him of robbery in the first degree under Indictment Number 6550/86, upon a jury verdict, and imposing sentence, (2) a judgment of the same court (Hanophy J.), rendered April 6, 1988, convicting him of robbery in the first degree under Indictment Number 6551/86, upon a jury verdict, and imposing sentence, and (3) three judgments of the same court (Hanophy, J.), all rendered May 2, 1988, convicting him of robbery in the first degree (one count each under Indictment Numbers 6510/86, 7201/86 and 607/87, respectively), upon his pleas of guilty, and imposing sentences.

Ordered that the judgment rendered September 11, 1987, is modified, on the law, by vacating the determination that the defendant is a second felony offender; as so modified, the judgment rendered September 11, 1987, is affirmed; and it is further,

Ordered that the judgment rendered April 6, 1988, and the judgments rendered May 2, 1988, are affirmed.

The defendant's five convictions arise out of five separate armed robberies of supermarkets that he committed in August 1986. The judgments rendered September 11, 1987 (Indictment Number 6550/86) and April 6, 1988 (Indictment Number 6551/86) were the result of separate jury trials and the three judgments rendered May 3, 1988, were the result of the defendant's guilty pleas.

With regard to the first trial (Indictment Number 6550/86), the defendant contends that the trial court's *Sandoval* ruling constituted reversible error and that this error tainted the four subsequent proceedings. The defendant had at least one prior Federal conviction for robbery for which he was sentenced under the Federal Youth Corrections Act. The defendant contends that the court erred in ruling that the People could cross-examine him, if he testified at the trial, with respect to the fact that he had a prior Federal felony conviction, but could not question him about the underlying facts of that conviction. We find that this *Sandoval* ruling constituted a proper exercise of discretion by the trial court. By not permitting the prosecutor to explore the underlying facts of the felony, the court properly struck a balance between the probative value of this evidence as to the defendant's credibility and the risk of unfair prejudice to the defendant *(see,*

*People v Sandoval,* 34 NY2d 371, 375). Furthermore, the court properly ruled that even though the defendant was sentenced under the Federal Youth Corrections Act (hereinafter FYCA), the conviction could be used in later proceedings to impeach the defendant's credibility *(see, People v Rivera,* 100 AD2d 914, 915).

After the trial on Indictment Number 6550/86, the Supreme Court sentenced the defendant as a second felony offender based upon the 1979 FYCA conviction, notwithstanding the defense counsel's argument that this conviction could not serve as the basis for a second felony offender finding because the sentence for that felony had been set aside pursuant to the former FYCA. Under 18 USC former § 5021 (repealed October 12, 1984), a defendant, when sentenced, initially stood convicted of a crime *(People v Celli,* 105 Misc 2d 1005, *affd* 91 AD2d 1071). Any such conviction, however, was set aside automatically when the offender was granted an "unconditional discharge" under 18 USC § 5021 (a) *(see generally, United States v Pagan,* 721 F2d 24). The People argued that the defendant had not met his burden of proving that the Federal conviction had been set aside. The court agreed with the People and adjudicated the defendant a second felony offender because the defense did not prove that this Federal conviction had been set aside. We find that the court improperly placed this burden of proof on the defendant. "Since [pursuant to the second felony offender statutes (CPL 400.15, 400.21)] the burden is on the People to prove beyond a reasonable doubt the *existence* of a prior conviction, they must concomitantly *disprove* beyond a reasonable doubt, the setting aside of such conviction, pursuant to [the Federal Youth Corrections Act]" *(People v Plummer,* 124 Misc 2d 337, 340). We find that the People failed to disprove that the defendant's Federal conviction had been set aside and, therefore, the court improperly adjudicated the defendant a second felony offender. However, the court, at sentencing, expressly stated on the record that it would impose precisely the same sentence on the defendant irrespective of his status as a second felony offender by virtue of his conviction, since the defendant is amenable to the same sentence as a result of his conviction of a class B armed felony offense *(see,* Penal Law § 70.02 [4]). Therefore, there is no need to remit for resentencing.

At the beginning of the trial under Indictment Number 6551/86, the defendant requested the reassignment of counsel because his trial counsel allegedly was not adequately prepared for trial. The court conducted an inquiry into this

matter and then denied the defendant's request. On appeal, the defendant contends, in his supplemental *pro se* brief, that the trial court erred when it summarily dismissed his complaint as to the effectiveness of his assigned counsel. Contrary to the defendant's contention, the court did conduct a sufficient inquiry into the reasons for the defendant's request *(see, People v Sides,* 75 NY2d 822, 824-825). Furthermore, the record clearly reveals that the defendant failed to show that good cause existed to remove his assigned counsel *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178). Accordingly, the court did not err in refusing to grant the defendant's request for new counsel on the eve of trial.

We have examined the defendant's remaining contentions, including those additional ones raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.