■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EILEEN YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 22, 1990, convicting her of forgery in the second degree (eight counts), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court, after conducting a *Molineux* hearing *(see, People v Molineux,* 168 NY 264), did not improvidently exercise its discretion in permitting the prosecutor to present at trial evidence of the defendant's prior conviction of attempted forgery. The conviction was clearly probative of the defendant's intent to knowingly forge the instruments in this case. Further, the trial court properly weighed the relevant factors of probative value and prejudicial effect in reaching its determination *(see, People v Knox,* 126 AD2d 748; *see generally, People v Alvino,* 71 NY2d 233).

Similarly, the trial court did not improvidently exercise its discretion in permitting the People to cross-examine the defendant, in the event that she testified, as to her prior convictions of attempted forgery, petit larceny and attempted petit larceny, as well as the underlying facts of the attempted forgery conviction. A defendant may be cross-examined as to the existence of prior criminal acts where "the nature of such conduct or the circumstances in which it occurred bear logically and reasonably on the issue of credibility" *(People v Sandoval,* 34 NY2d 371, 376). Further, the commission of crimes involving individual dishonesty, such as theft, fraud and forgery demonstrate "the defendant's willingness to place [her] own interests ahead of the interests of society, thereby

impacting directly upon the issue of the defendant's credibility" (*People v Ortiz*, 143 AD2d 107; *see, People v Charnoff*, 121 AD2d 734). The mere fact that the prior crime is similar to the crime charged is not a basis for the preclusion of the evidence since "a defendant who specializes in one particular type of crime is not shielded from cross-examination thereon" (*People v Hamilton*, 171 AD2d 882; *see, People v Rivas*, 175 AD2d 186). In the present case, it is clear that the defendant's convictions of crimes involving individual dishonesty were highly probative on the issue of her credibility. Moreover, inasmuch as the trial court carefully weighed the probative value of the evidence against the potential for prejudice to the defendant, we discern no basis for disturbing its compromise ruling. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.