■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HUNTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered May 27, 1987, convicting him of burglary in the first degree (two counts), robbery in the first degree (two counts), rape in the first degree, and sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial, after a hearing (Collins, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the court's *Sandoval* ruling constituted reversible error. We disagree. By allowing the prosecutor to inquire into the underlying facts of the defendant's previous petit larceny and resisting arrest convictions, the court properly struck a balance between the probative value of this evidence as to the defendant's credibility and the potential for unfair prejudice to the defendant *(see, People v Sandoval,* 34 NY2d 371, 375; *People v Blue,* 178 AD2d 539). The defendant's previous conviction for petit larceny, a crime involving individual dishonesty, directly bears on his credibility *(see, People v Sandoval, supra,* at 375-376; *People v Young,* 178 AD2d 571), and his resisting arrest conviction showed that

he had placed his own interests above those of society *(see, People v McClainin,* 178 AD2d 495). Accordingly, we find that the court providently exercised its discretion in permitting inquiry into the underlying facts of these crimes in the event the defendant chose to testify in his own behalf *(see, People v Young, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.