■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BURTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered October 10, 1989, convicting him of falsifying business records in the first degree (six counts), and petit larceny, upon a jury verdict, and grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, once an employee of Hertz Corporation (hereinafter Hertz), stands convicted, *inter alia,* of falsifying business records in the first degree based upon his alteration of car rental agreements so that the amounts specified as due from customers were less than amounts the defendant actually collected on Hertz's behalf. The defendant claims that it was error for the trial court, following a *Molineux* hearing, to allow the introduction of evidence that he falsified agreements other than those which were the subject of the charges for which he was on trial. We disagree.

Although evidence of uncharged criminal conduct is inadmissible to demonstrate that the defendant had a propensity to commit the crime charged *(People v Molineux,* 168 NY 264, 293), such evidence is admissible where, as here, it tends to

establish intent or the absence of mistake or accident *(People v Molineux, supra)*, particularly where, as here, the charges concern equivocal acts from which the defendant's intent may not be easily inferred *(see, People v Knox,* 126 AD2d 748; *see also, People v Alvino,* 71 NY2d 233; *People v Caruso,* 135 AD2d 550; *People v Iwaszkiewicz,* 120 AD2d 746). We note, moreover, that the trial court appropriately minimized the prejudicial impact of the evidence of uncharged crimes by considerably limiting the number of previously altered rental agreements which could be introduced and by providing sufficient instructions to the jury as to the limited purpose for which the evidence was being offered *(see, People v Caruso, supra; see also, People v Sudler,* 116 AD2d 605).

We have considered the defendant's remaining contentions, including his contention that the sentence was excessive, and find them to be without merit. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.