■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK VAUGHN, Appellant. [619 NYS2d 573] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered January 18, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Allen,* 165 AD2d 786). The question of credibility was properly presented to the trier of fact, and we perceive no basis for disturbing its resolution of this issue *(see, People v Draksin,* 145 AD2d 500; *People v Harris,* 133 AD2d 649, 651). Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The brief discussion of certain ministerial matters conducted prior to the defendant being produced at the *Sandoval* and *Molineux* hearings *(see, People v Sandoval,* 34 NY2d 371; *People v Molineux,* 168 NY 264) did not violate the defendant's right to be present at all material stages of the trial *(see, People v Dokes,* 79 NY2d 656, 660; *People v Velasco,* 77 NY2d 469, 472). Moreover, the trial court, after conducting the hearings, did not improvidently exercise its discretion in permitting a witness to testify that drug activity was involved in the dispute between the defendant and the deceased, as her testimony that the deceased owed the defendant money from the sale of drugs was clearly probative of the defendant's motive for the shooting *(see, e.g., People v Ventimiglia,* 52 NY2d 350, 360; *People v Graves,* 194 AD2d 925, 926-927). The trial court properly weighed the relevant factors of probative value and prejudicial effect in reaching its determination *(see, People v Knox,* 126 AD2d 748; *see generally, People v Alvino,* 71 NY2d 233).

Nor do we find that the prosecutor's summation was so permeated with improper vouching for the credibility of the People's witness as to have unduly prejudiced the defendant and deprived him of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105; *People v Draksin,* 145 AD2d 500, 501, *supra).* The prosecutor's discussion of the

credibility of the People's witness was appropriate, given that the defense had put her credibility in issue *(see, People v Jefferson,* 136 AD2d 655, 657; *People v Freeman,* 123 AD2d 784).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.