(May 20, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE C. GASTON, Appellant. [690 NYS2d 327] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 24, 1997, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

On March 1, 1997 defendant and his girlfriend, Christie Brigham, together with their mutual friend, Angela Mack, went to the apartment of Shante Tyler, the girlfriend of Miguel Manchion. The record reflects that defendant had loaned Manchion approximately $500 to buy narcotics and that he went to Tyler's apartment to collect on the loan. When Manchion refused to give defendant the money, the two stepped outside the apartment, whereupon defendant shot Manchion twice at close range. As Manchion fled, defendant shot at him at least three more times. Manchion then sought refuge in the house of a neighbor, who called the police. Defendant thereafter was indicted and charged with attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. Following a jury trial, defendant was found guilty as charged and sentenced to, *inter alia*, 20 years' imprisonment. Defendant now appeals.

At a pretrial *Ventimiglia* hearing, the People sought to introduce evidence as part of their case-in-chief that defendant was engaged in narcotics trafficking with Manchion and, in that regard, had loaned him $500. The People reasoned that such evidence of uncharged criminal activity provided the motive for defendant's shooting of Manchion. Defendant contends that County Court's admission of such evidence constituted error. We agree. While Manchion's indebtedness to defendant and his refusal to pay the money surely was relevant as to defendant's motive, County Court most assuredly could have limited the proof to that without permitting the interjection of drug trafficking as the reason for the loan. On the record before

us, however, we find such error to be harmless given the overwhelming proof of defendant's guilt and the specific limiting instructions given by County Court at the time of the receipt of such evidence, as well as at the time of the court's final instructions. We have examined defendant's remaining contentions and find them equally without merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.