OPINION OF THE COURT
Donald J. Mark, J.
*826 This is an application by the People, pursuant to People v Ventimiglia (52 NY2d 350) and People v Molineux (168 NY 264), for permission to present testimony that the defendant, who is charged with operating a motor vehicle while under the influence of alcohol in violation of section 1192 (3) of the Vehicle and Traffic Law, had been previously convicted of the same crime in violation of subdivision (2).
The application of the prosecutor claimed that the defendant had refused to submit to a chemical test when asked to do so by the arresting officer; that the defendant intended to justify his refusal on the basis that he had been unable to contact his attorney; and that the suspected reason for such refusal was that after the defendant’s prior driving while intoxicated arrest, he submitted to the requested chemical test and was convicted.
However, the defendant, in accordance with CPL 200.60 (3) (a), has admitted this prior conviction, so it normally would be inadmissible at his trial (see, People v Cooper, 78 NY2d 476; People v Smart, 190 AD2d 942; People v Sawyer, 188 AD2d 939). On the other hand, his present refusal, if otherwise admissible, could be shown as a consciousness of guilt at his trial (People v MacDonald, 89 NY2d 908, rearg denied 89 NY2d 983).
Before resolving the dilemma of not frustrating the purpose of this section or not frustrating the prosecutor’s strategy, the appropriate designation of this hearing as either a Ventimiglia hearing or a Molineux hearing will be made, because of the inconsistency of the appellate court decisions in citing these hearings.
A Molineux application concerns the admissibility of evidence of a prior crime to establish the defendant’s motive, intent, absence of mistake or accident, common scheme or plan, or identity (People v Molineux, supra [defendant charged with murder by poison had caused the death of another person using the same poison]), but these categories are not exclusive (People v Santarelli, 49 NY2d 241, rearg denied 49 NY2d 918). A Ventimiglia application concerns the admissibility of evidence of prior conduct, other than direct proof of a defendant’s prior crime, which tends to implicate the defendant in the commission of the crime (People v Ventimiglia, supra [defendants charged with murder admitted to a witness that they had a location for disposing of the body]).
The Court of Appeals has referred to a Ventimiglia hearing in cases where proof of prior crimes was admitted to show the *827 charged crime was committed (e.g., People v Spotford, 85 NY2d 593 [assault; four uncharged crimes involving assaults]; also, People v Rodriguez, 85 NY2d 586; People v Alvino, 71 NY2d 233[1]); to People v Molineux (supra), but not the hearing, in a similar situation (People v Till, 87 NY2d 835 [attempted murder; uncharged robbery]); and to a Ventimiglia hearing where there was evidence of prior conduct not constituting direct evidence of a crime of the defendant (People v Maher, 89 NY2d 456 [murder; victim’s statements concerning prior violent acts of the defendant toward her]).
The Appellate Division also has labeled as a Ventimiglia hearing those in which a prior crime of the defendant was involved (e.g., People v Gaston, 261 AD2d 782, lv denied 93 NY2d 1002 [attempted murder; prior drug trafficking]; also, People v Holmes, 260 AD2d 942, lv denied 93 NY2d 1020; People v Glass, 259 AD2d 989, lv denied 93 NY2d 924; People v Greene, 252 AD2d 746, lv denied 92 NY2d 925; People v McClain, 250 AD2d 871, lv denied 92 NY2d 901); as a Molineux hearing in the same situation (e.g., People v Vaughn, 209 AD2d 459, lv denied 84 NY2d 1040 [manslaughter; drug activity]; also, People v Burton, 186 AD2d 672, lv denied 81 NY2d 761; People v Young, 178 AD2d 571, lv denied 79 NY2d 955; People v Linton, 166 AD2d 670, lv denied 77 NY2d 879; People v Miller, 239 AD2d 787, affd 91 NY2d 372[2]); and to a Ventimiglia hearing where there was proof of a defendant’s conduct, other than direct proof of his prior crime (e.g., People v Morris, 267 AD2d 1032 [robbery; defendant’s initial words were “ T just got out of jail. I’m on parole’ ”]; People v Thibodeau, 267 AD2d 952; People v Maxwell, 260 AD2d 653, lv denied 93 NY2d 1004).
Thus, this hearing should more appropriately be denominated a Molineux hearing, as it is concerned with the admission of the prior crime committed by the defendant, which tends to implicate him in the commission of the present crime by demonstrating a consciousness of guilt.[3]
As a result of this hearing, a mechanism patterned after the “Sandoval compromise” devised by a trial court (People v Bermudez, 98 Misc 2d 704) and followed by the appellate courts *828 (e.g., People v Redcross, 246 AD2d 838, lv denied 92 NY2d 859) was formulated; it could be named the “Molineux compromise” of driving while intoxicated cases.
Therefore, if the defendant testifies as expected, he may be cross-examined as to whether he refused to submit to the chemical test, because he had heard that a driver who had so submitted had been convicted of the crime of driving while intoxicated. This compromise safeguards the rights of the defendant and also the rights of the prosecutor.

. The dissenting opinion called the hearing a Molineux hearing.

. This hearing was actually called a Ventimiglia /Molineux hearing.

. Consciousness of guilt is not a category enumerated in People v Molineux (168 NY2d 264, supra), but allowed for in People v Santarelli (49 NY2d 241).