■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA ANN BALDO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered October 29, 1983, convicting her of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Upon review of the record, we conclude that the prosecutor's summation remarks now challenged by the defendant do not warrant reversal. First, it is noted that, contrary to the defendant's contention, the prosecutor in summation did not improperly comment on or refer to the defendant's failure to testify or call witnesses on her behalf. Rather, the prosecutor directed the jury's attention to the fact that there was no evidence or testimony in the record to support the asserted defense that the defendant did not knowingly or voluntarily participate in the crime in question. Clearly the prosecutor's remarks were a fair

comment on the evidence. These remarks, in any event, were not objected to at trial by defense counsel and accordingly the defendant's challenge thereto was not preserved for appellate review (*People v Nuccie,* 57 NY2d 818, 819; *People v Gonzalez,* 102 AD2d 895). Second, with respect to the prosecutor's remark concerning the defendant's failure to report the crime to the police as being evidence of her guilt, the defense counsel's objection thereto was sustained and immediate curative instructions were given. Since the adequacy of the court's curative instructions was never challenged, the defendant's objection to the comment was not preserved for appellate review (*People v Medina,* 53 NY2d 951, 952-953; *People v Sorgente,* 90 AD2d 559, 560). Similarly, the prosecutor's summation remarks regarding the fact that the complainant's father had been killed in an unrelated crime were also not objected to and thus not preserved for review. In any event, we find these remarks to constitute fair comment since the prosecutor was obviously seeking to emphasize that the subject medallion had belonged to the complainant's deceased father and thus it was unlikely that the complainant would have given it away in a drug deal, as was suggested by the codefendant at trial. To the extent that the evidence of the untimely death of the complainant's father may have been improperly designed to elicit the jury's sympathy, we do not find that the defendant's case was so prejudiced by this evidence as to warrant reversal.

Finally, we find no error in the court's refusal to grant the defendant's request for a missing witness charge regarding the prosecutor's failure to call as a witness the second police officer who was present in the room when she gave her statement. There is nothing in the record to indicate that the testimony of this police officer would have been any different than or added to the testimony of the officer who actually questioned the defendant and took her statement. Moreover, it is significant that the defendant knew of the second officer's identity but chose not to call him (*People v Almodovar,* 62 NY2d 126, 132-133; *People v Shippee,* 87 AD2d 942). Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.