■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSUF SHAKOOR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered January 18, 1982, convicting him of two counts of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that his felony murder conviction must be reversed because there was insufficient evidence from which the jury could conclude beyond a reasonable doubt that he had formed the intent to commit robbery prior to killing the victim. We disagree.

The trial court instructed the jury that in order to convict defendant of felony murder it was required to find, beyond a reasonable doubt, that he had formulated the intent to commit robbery before, and not after, the murder was committed. The jury decided this issue in favor of the People and there was sufficient evidence presented at trial to support the determination. The record indicates that defendant misrepresented himself as a building maintenance employee, and was admitted by the victim into her apartment. Immediately after stabbing the victim to death, defendant stole certain items belonging to her, including her wallet. Further, the police officer who discovered the victim's body found her bedroom in disarray, with clothing strewn on the floor and hanging out of opened drawers. The foregoing proof adduced at trial permitted the inference to be drawn that defendant's entry into the victim's apartment was effectuated with the intent to commit a robbery therein (People v Barnes, 50 NY2d 375). A jury's resolution of the facts will ordinarily be deemed conclusive, and should not be disturbed unless clearly against the weight of the evidence (People v Barnes, supra; People v Bigelow, 106 AD2d 448, 449).

Finally, defendant has failed to preserve for appellate review the objections he now makes to various portions of the prosecutor's summation (People v Nuccie, 57 NY2d 818, 819; People v Baldo, 107 AD2d 751). In any event, the prosecutor's remarks were fair comment on the evidence and, therefore, did not deprive defendant of a fair trial (People v Baldo, supra). Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.