■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE SWITZER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered July 20, 1984, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant and two others were charged with attempted burglary in the second degree after allegedly attempting to burglarize a first-floor apartment on the afternoon of August 24, 1983. The testimony at the trial established that the police went to the scene in response to a radio call and, upon their arrival, saw defendant in the alley pulling on a first-floor window. At that time, two codefendants were standing in front of the building. After seeing the police officers, the two "lookouts" yelled to defendant "yo, man, cops, cops". All three ran off with the police officers in pursuit. After the three men were taken into custody, the police returned to the area where they had previously seen defendant. The screen had been removed from the window and was on the ground, the window was bent, the glass was broken and a brick was inside on the floor of the apartment. The resident of the apartment testified that when she went out some 45 minutes earlier, the window was intact. The defense rested without presenting any testimony.

The jury found defendant guilty as charged. We affirm.

We disagree with defendant's argument that, under the circumstances of the case, the conduct of the prosecutrix deprived defendant of a fair trial. Initially we note that many of the instances of claimed misconduct have not been preserved for appellate review (see, People v Nuccie, 57 NY2d 818; People v Baldo, 107 AD2d 751). In addition, despite the lack of an objection, the trial court frequently gave the jury prompt, curative instructions which dissipated any possible prejudice which might have resulted from the prosecutrix's comments (see, People v Baldo, supra; People v Patterson, 83 AD2d 691).

Although the prosecutrix vouched for the credibility of the People's witnesses and referred to facts not in evidence, by and large her summation was a fair response to defense

counsel's closing arguments *(see, People v Gilmore,* 106 AD2d 399; *People v Blackman,* 88 AD2d 620). Moreover, the references to the contents of the police radio call, which were improper since the court had stricken that testimony from the record, were harmless since the testimony should have been admitted by the court to explain the police officers' presence at the scene and to avoid speculation by the jury *(see, People v Love,* 92 AD2d 551).

Lastly, while we recognize that the cumulative effect of "harmless error" may at times warrant a new trial, in light of the overwhelming evidence of guilt, reversal is not appropriate in this case *(see, People v Morgan,* 66 NY2d 255; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.