■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EMANUEL BUNTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cooperman, J.), rendered February 25, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, upon reargument, of the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Judgment affirmed.

The defendant's right to a speedy trial was not violated. In cases involving absent defendants, preindictment delays have been held to be chargeable to the People because the defendants' actions did not prevent or impede the filing of an indictment *(see, People v Colon,* 59 NY2d 921; *People v Sturgis,* 38 NY2d 625). In the case at bar, even though the defendant's consent to adjournments ordered by the court, during which he was directed to retain private counsel, did not prevent the People from presenting his case to the Grand Jury, the adjournment periods are excludable *(see, People v Worley,* 66 NY2d 523). These adjournments were for the defendant's benefit; he acquiesced therein, and he is, accordingly, deemed to have waived any objection to the delays *(People v Worley, supra).*

Regarding the defendant's claim that he was denied a fair trial, we find that none of the contentions of alleged error were preserved, either for lack of an objection to the prosecutor's comments *(see, People v Nuccie,* 57 NY2d 818; *People v Switzer,* 115 AD2d 673; *People v Baldo,* 107 AD2d 751), or for lack of an objection to the adequacy of the court's curative instructions *(see, People v Baldo, supra; see, People v Medina,* 53 NY2d 951). A new trial is not warranted in the interest of justice. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.