■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 2, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of from 10 to 20 years as a second felony offender.

Judgment modified, on the law, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and matter remitted to the Supreme Court, Kings County, for resentencing in accordance with Penal Law § 70.00. As so modified, judgment affirmed.

The defendant was found guilty of strangling and fatally

beating his wife. He argues that the People failed to prove the element of intent to cause serious physical injury beyond a reasonable doubt, as there was evidence presented at trial that the defendant was intoxicated when he attacked his wife. The evidence on the question of whether the defendant was so intoxicated as to be unable to form the requisite intent presented issues of fact and credibility for the jury to resolve *(see, People v Shapiro,* 96 AD2d 626). The jury's resolution of the facts will not be disturbed unless clearly against the weight of the evidence *(People v Shakoor,* 112 AD2d 258). Here the evidence was sufficient to support the defendant's conviction.

The defendant was adjudicated a second felony offender based on a conviction under 21 USC former § 174 in a Federal District Court for transporting narcotics. As that statute includes acts which are both misdemeanors and felonies under New York law, the defendant was improperly adjudicated a second felony offender *(see, People ex rel. Goldman v Denno,* 9 NY2d 138; Penal Law § 70.06 [1] [b] [i]). Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.