■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK D. MERRILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.),

rendered February 8, 1985, convicting him of robbery in the second degree (two counts), assault in the third degree, reckless endangerment in the first degree, criminal mischief in the fourth degree, unauthorized use of a vehicle in the first degree, attempted robbery in the second degree and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant and identification evidence.

Ordered that the judgment is affirmed.

The suppression court correctly ruled that none of the identification procedures conducted by the police were improper *(see, People v Cicero,* 119 AD2d 687, *lv denied* 68 NY2d 666; *People v Bookhart,* 117 AD2d 739; *People v Brown,* 123 AD2d 875; *People v Dennis,* 125 AD2d 325). The motion to suppress the defendant's statements was also correctly denied since it was established at the hearing that the statements were spontaneous and were not the product of any interrogation by the police *(see, People v Lynes,* 49 NY2d 286; *People v Harrell,* 87 AD2d 21, *affd* 59 NY2d 620).

The court's *Sandoval* ruling was not an abuse of discretion *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval,* 34 NY2d 371; *People v Cherry,* 106 AD2d 458).

Viewing the evidence in the light most favorable to the People, we find that it is sufficient as a matter of law to support the defendant's conviction of the crimes charged *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt. The question of whether the defendant was so intoxicated as to be unable to form the requisite intent presented issues of fact and credibility which were for the jury to resolve and its determination was not against the weight of the evidence *(see, People v Lopez,* 121 AD2d 472).

The sentence imposed was appropriate under the circumstances of this case. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.