■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WISNIEWSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.),

rendered September 11, 1984, convicting him of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that upon returning to her apartment building from a party in the early morning hours of May 21, 1983, she saw the defendant and Charles Evans sitting in a parked car outside the building. The defendant, whom the complainant had known for over eight years, asked her to "hang out and party" with him and Charles Evans. The complainant had also known Evans for approximately four years. She entered the car and the three went for a ride as they had previously done on many occasions. Both the defendant and Evans were drinking vodka during the drive and the complainant had previously consumed beer at the party she had attended. Thereafter, the defendant stopped the car in a dark, deserted factory area and the occupants exited the car to relieve themselves. Evans was the first to reenter the car. While the complainant was sitting on the side of the car, the defendant approached her and put an 8-inch knife to her chest. The complainant told defendant to "stop fooling around". The defendant proceeded to stab the complainant multiple times. The defendant and Evans then drove off, leaving the complainant lying in the mud, crying for help.

On consideration of the whole record, we reject the defendant's contention that prosecutorial misconduct deprived him of a fair trial. Many of defendant's charges of misconduct were not preserved for appellate review (see, People v Medina, 53 NY2d 951). In addition, the trial court frequently gave the jury prompt, curative instructions which dissipated any possible prejudice which may have resulted from the prosecutor's objectionable questions and comments (see, People v Arce, 42 NY2d 179; People v Switzer, 115 AD2d 673, lv denied 67 NY2d 890).

The prosecutor's reference on summation to a hearsay statement and police reports not in evidence to bolster the complainant's testimony that the defendant was her assailant and Evans merely a witness was improper, but was harmless in view of the court's instructions to the jury that the police reports were not in evidence.

Although the prosecutor's disparaging comment on summation regarding the defendant's reckless act of driving a motor vehicle on the morning of the incident with knowledge that he

suffers from epileptic seizures was also improper and irrelevant, by and large his summation was a fair response to the defense counsel's closing arguments *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912).

Lastly, we are cognizant that the cumulative effect of numerous otherwise harmless errors may at times warrant a new trial. However, in light of the overwhelming evidence of guilt, reversal is not appropriate in this case *(see, People v Switzer, supra; People v Morgan,* 66 NY2d 255; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.