■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX VEGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered May 21, 1986, convicting him of murder in the second degree (two counts), and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his felony murder conviction must be reversed because there was insufficient evidence from which the jury could conclude beyond a reasonable doubt that he formed the intent to commit robbery prior to killing the victim. The trial court properly instructed the jury that in order to convict the defendant of felony murder it was required to find, beyond a reasonable doubt, that he committed or attempted to commit robbery and, in the course of and in furtherance of such crime, or in immediate flight therefrom, he caused the death of a person other than one of the participants. The jury decided this issue in favor of the People and there was sufficient evidence presented at trial to support this determination. By his own statement, the defendant admitted that he bound and gagged the victim before he was apprehended filling his pockets with the decedent's jewelry. As there would be no need to gag a dead person and the testimony of the Medical Examiner was that the gag was a contributing factor to the death by asphyxiation, we find that the proof adduced at trial permitted the inference to be drawn that the defendant formulated the intent to commit the robbery prior to his killing the decedent. A jury's resolution of the facts should not be disturbed unless clearly unsupported by the evidence *(see, People v Barnes,* 50 NY2d 375; *People v Shakoor,* 112 AD2d 258; *People v Reynolds,* 107 AD2d 724).

Any error in the court's refusal to charge manslaughter in the second degree (reckless manslaughter) and criminally negligent homicide as lesser included offenses of murder in the second degree (intentional murder) was harmless as the jury rejected the lesser included count of manslaughter in the first degree (intent to cause serious physical injury) and convicted the defendant of the higher crime of murder in the second degree *(see, People v Boettcher,* 69 NY2d 174; *People v Berzups,* 49 NY2d 417; *People v Richette,* 33 NY2d 42; *People v Quintana,* 135 AD2d 752; *People v Wilder,* 132 AD2d 683).

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.