■ In the Matter of ERMELINDO L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Scancarelli, J.), entered September 4, 1990, which, upon a fact-finding order of the same court, entered July 9, 1990, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period of 18 months. The appeal brings up for review the fact-finding order entered July 9, 1990.

Ordered that the order is affirmed, without costs or disbursements.

We disagree with the appellant that the presentment agency failed to prove that he intended to cause injury to Slavako Rojavic, a private security guard, during the course of a February 2, 1990, confrontation at the Galleria Mall in White Plains.

Rojavic testified that at about 6:45 P.M., he attempted to question the appellant and William V. concerning their presence in a restricted area of the mall, but when he ordered them to stop he was set upon and beaten with a pipe by William V. The appellant then started hitting Rojavic with an umbrella. Rojavic then grabbed the appellant because the appellant was hitting him with the umbrella. Rojavic received a serious head wound which required 12 stitches and missed a week of work as a result of the attack. The appellant contends that he did not strike Rojavic with the umbrella until Rojavic

grabbed him around the neck, and that he struck his blows in an effort to extricate himself from Rojavic's grip.

Although the Family Court found that Rojavic's testimony varied from a statement he gave to the White Plains police as to "who did what in what order", it nevertheless sustained the petition against the appellant and rejected his claim of self defense. The record reveals that this variation, relied upon by the appellant, has to do with whether the appellant or William V. struck first. However, the record does not contain any statement by Rojavic that his grabbing the appellant preceded the blows administered by the appellant.

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792; *People v Bracey,* 41 NY2d 296, 302), we are satisfied that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree *(see, People v Barnes,* 50 NY2d 375, 381; *People v Vega,* 155 AD2d 632, 633; *People v Fowlks,* 139 AD2d 590). Moreover, upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the appellant's remaining contentions and find them to be without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.