■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARIS PERKINS, Appellant. [657 NYS2d 752] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 4, 1994, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversible error took place as a result of the prosecutor's comments during summation, in which the prosecutor, among other things, indicated that there

was more than one gun present at the time of the commission of the crime and that defendant's motive for being in the victim's apartment was to steal guns. We disagree.

The prosecutor acted improperly in disobeying the trial court's directive not to make such statements in summation. Nevertheless, reversal is not warranted since the remarks should have been permitted as fair comment on the evidence (see, People v Ashwal, 39 NY2d 105, 109; People v Torres, 222 AD2d 720; People v Switzer, 115 AD2d 673, 674). In the defendant's own videotaped statement, he stated that there was more than one gun in a duffle bag in the victim's apartment, that he had taken one of these guns out, and that, after the shooting, he replaced the gun in the bag, grabbed the bag, and ran.

The defendant's remaining challenges to remarks made by the prosecutor in summation are unpreserved for appellate review (see, CPL 470.05 [2]; People v Galloway, 54 NY2d 396), and, in any event, without merit (see, People v Galloway, supra; People v Ashwal, supra; People v Torres, supra). Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.