People v Beckerman (2020 NY Slip Op 03523)





People v Beckerman


2020 NY Slip Op 03523


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2019-06401
 (Ind. No. 1585/17)

[*1]The People of the State of New York, appellant,
v
Julianne Beckerman, respondent.


Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley, Yael V. Levy, and Hilda Mortensen of counsel), for appellant.
Foley Griffin, LLP, Garden City, NY (Brian J. Griffin of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an amended order of the Supreme Court, Nassau County (Terence P. Murphy, J.), entered May 16, 2019, which, without a hearing, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that she was deprived of her statutory right to a speedy trial.
ORDERED that the amended order is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination of the motion thereafter.
The defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that she was deprived of her statutory right to a speedy trial. The defendant asserted that the People were chargeable with 206 days of delay based on, among other things, the fact that a delay from April 6, 2017, the date of her arraignment, to May 30, 2017, a total of 54 days, was chargeable to the People as she did not consent to that adjournment. The People argued, inter alia, that the period from April 6, 2017, to May 30, 2017, was excludable and requested a hearing on the ground that their submissions raised a factual dispute as to whether certain time, including the 54-day period between April 6, 2017, and May 30, 2017, was excludable. In an amended order entered May 16, 2019, the Supreme Court granted the defendant's motion to dismiss the indictment, without conducting a hearing, finding that the People were chargeable with 196 days, including, inter alia, the 54-day period between April 6, 2017, and May 30, 2017. The People appeal.
We agree with the People that a hearing should be held to resolve factual issues related to the defendant's motion to dismiss the indictment on speedy trial grounds (see CPL 210.45). Review of the defendant's motion papers, the People's opposition papers, and the defendant's reply papers reveals that there was a factual dispute as to the excludability of time from April 6, 2017, to May 30, 2017. That issue can only be properly resolved at a hearing (see CPL 210.45[5], [6]; People v Santos, 68 NY2d 859, 861-862; People v Gruden, 42 NY2d 214, 217-218; People v Brady, 167 AD3d 927).
Accordingly, the amended order must be reversed and the matter remitted to the Supreme Court, Nassau County, for a hearing pursuant to CPL 210.45(6) and a new determination [*2]thereafter of the defendant's motion to dismiss the indictment on speedy trial grounds.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court