People v Silke (2023 NY Slip Op 50679(U))

[*1]

People v Silke (Dawn)

2023 NY Slip Op 50679(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ.

2021-373 S CR

The People of the State of New York, Appellant,
against
Dawn M. Silke, Respondent. 

Suffolk County District Attorney (Timothy P. Finnerty of counsel), for appellant.
Dawn M. Silke, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (James A. McDonaugh, J.), dated May 26, 2021. The order granted, without a hearing, defendant's motion to strike the People's supplemental certificate of compliance and to dismiss the accusatory instruments on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, and the matter is remitted to the District Court for a new determination, following a hearing, of defendant's motion to strike the People's supplemental certificate of compliance and to dismiss the accusatory instruments on statutory speedy trial grounds, in accordance with this decision and order.
Insofar as is relevant to this appeal, on March 1, 2020, defendant was arraigned on an accusatory instrument charging her with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a misdemeanor. From March 20 to September 8, 2020, the provisions of CPL 30.30 were tolled for misdemeanor charges in Suffolk County, among other criminal matters, pursuant to executive orders from the Governor's office in response to the COVID-19 outbreak. On July 23, 2020, the People filed a certificate of compliance (CoC) (see CPL 245.50 [1]) and a statement of readiness. On September 15, 2020, defendant was arraigned on a second accusatory instrument charging her with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]), based on the same instance of driving as the first instrument. The matter was adjourned, with defendant's consent, to October 5, 2020. On October 5th, the matter [*2]was adjourned to November 5, 2020. On November 2, 2020, defendant moved to strike the People's CoC on the ground that the People had not met their discovery obligations. In an order dated December 30, 2020, the District Court (James A. McDonaugh, J.) granted defendant's motion, struck the People's CoC, and ordered the People to turn over additional discovery. On January 6, 2021, the District Court handed down its December 30, 2020 order and the matter was adjourned to February 2, 2021, then to February 10, 2021, for the People to comply with the order. On February 10, 2021, the People turned over additional discovery, filed a supplemental CoC, and stated ready.
On March 4, 2021, defendant moved (1) to strike the People's supplemental CoC, on the ground that the People were still not in compliance with their discovery obligations (see CPL 245.50 [4] [a]), and (2) to dismiss the accusatory instruments on statutory speedy trial grounds, alleging that the People were chargeable with 172 days of delay between March 1, 2020 and February 10, 2021. The People opposed, arguing, among other things, that the period from March 18 to 20, 2020 was excludable due to the exceptional circumstance of the COVID-related closure of the Suffolk County District Court; that the toll of speedy trial time applicable to this matter ended on September 15, 2020, not September 8th; that the adjournments from September 15 to November 2, 2020 were excludable because they were granted at defendant's request; and that the adjournments from November 2, 2020 to January 6, 2021 were excludable because they were for the District Court's decision on defendant's motion to strike the People's initial CoC. By order dated May 26, 2021, the District Court (James A. McDonaugh, J.) granted defendant's motion without conducting a hearing. With respect to the branch of the motion seeking to strike the People's supplemental CoC, the court found that it "need not reach the issue of the adequacy of discovery provided herein, as a review of the second CoC discloses that it [is] clearly not in compliance with" CPL 30.30 (5-a). With respect to the branch of the motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds, the court charged the People with 91 days, consisting of the 19-day period from March 1 to 20, 2020 and the 72-day period from September 8 to November 19, 2020. The court did not pass on any post-November 19th periods of delay.
It is undisputed that the People were required to be ready for trial within 90 days of the commencement of the action with the filing of the first accusatory instrument on March 1, 2020 (see CPL 1.20 [16], [17]; 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]; cf. People v Farkas, 16 NY3d 190, 193-194 [2011]). Upon a review of the record, we find that the District Court erred in charging the People with the 20-day period from September 15 to October 5, 2020, which is excludable on consent by defendant (see CPL 30.30 [4] [b]; People v Kopciowski, 68 NY2d 615, 617 [1986]; People v Robinson, 171 AD2d 475, 478 [1991]), and the 17-day period from November 2 to 19, 2020, which is excludable due to defendant's motion to strike the initial CoC and the court's time in deciding defendant's motion (see CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523, 527 [1985]). We also find that the District Court correctly charged the seven-day period from September 8 to 15, 2020, as the only basis on which the People opposed the charging of this time to them was their erroneous assertion that the toll of speedy trial time applicable to this matter ended on September 15th. However, a review of defendant's motion papers, the People's opposition papers, and defendant's reply papers reveals that there are factual disputes as to the excludability of the two-day period from March 18 to 20, 2020 and the 28-day period from [*3]October 5 to November 2, 2020. These issues can only be properly resolved at a hearing (see CPL 170.45; 210.45 [4], [6]; People v Santos, 68 NY2d 859, 861-862 [1986]; People v Gruden, 42 NY2d 214, 217-218 [1977]; People v Beckerman, 184 AD3d 850, 850-851 [2020]; People v Brady, 167 AD3d 927, 928 [2018]). Furthermore, the District Court did not pass on the post-November 19, 2020 periods of time that defendant alleged are chargeable to the People. Therefore, the matter must be remitted for a new determination, following a hearing, of the branch of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds.
We note that CPL 30.30 (5-a) provides that "a statement of readiness shall not be valid unless the prosecuting attorney certifies that" the accusatory instrument is facially sufficient. The plain language of CPL 30.30 (5-a) indicates that the statute concerns the validity of statements of readiness, not CoCs (see People v Galante, 78 Misc 3d 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Therefore, it was error for the District Court to strike the People's supplemental CoC pursuant to CPL 30.30 (5-a). This court cannot review defendant's discovery claim in the current posture of this case (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]). Thus, if the branch of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds is denied, the District Court must make a new determination of the branch of defendant's motion seeking to strike the People's supplemental CoC, which determination must be based on the ground raised by defendant in her motion, i.e., the People's alleged failure to meet their discovery obligations.
Accordingly, the order is reversed and the matter is remitted to the District Court for a new determination, following a hearing, of defendant's motion to strike the People's supplemental certificate of compliance and to dismiss the accusatory instruments on statutory speedy trial grounds, in accordance with this decision and order.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023