People v Bourdeau

2026 NY Slip Op 02280

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,

v

Joshua Bourdeau, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-04364, (Ind. No. 71593/23)

Valerie Brathwaite Nelson, J.P.

Lillian Wan

Laurence L. Love

Elena Goldberg Velazquez, JJ.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for appellant.

Twyla Carter, New York, NY (Graham Ball of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the People from so much of an order of the Supreme Court, Kings County (Deepa Ambekar, J.), dated April 30, 2024, as granted that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

The defendant moved, inter alia, pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The defendant asserted that the People were chargeable with more than 200 days of delay. The People argued that a majority of the time was excludable. In an order dated April 30, 2024, the Supreme Court, among other things, granted that branch of the defendant's motion without a hearing, finding that the People were chargeable with 202 days. The People appeal.

"'Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action'" (People v Pike, 228 AD3d 886, 887, quoting People v Taback, 216 AD3d 673, 674; see CPL 30.30[1][a]). "A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period" (People v Brown, 214 AD3d 823, 824 [internal quotation marks omitted]; see People v Beasley, 16 NY3d 289, 292). "'Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay'" (People v Ryan, 237 AD3d 754, 755, quoting People ex rel. Nieves v Molina, 207 AD3d 797, 798; see People v Berkowitz, 50 NY2d 333, 348-349).

Preliminarily, the Supreme Court improperly determined that, based on 22 NYCRR 202.5-c(c)(3), the People were ready for trial on July 6, 2023, and not July 5, 2023. Here, the record demonstrates that both the defendant and the court were notified of the People's readiness for trial on July 5, 2023 (see People v Licius, ____ NY3d ____, 2025 NY Slip Op 05873). Accordingly, this one day should not have been counted against the People for speedy trial purposes.

Contrary to the defendant's contention, the time periods from March 3, 2023, to March 8, 2023, and March 8, 2023, to March 9, 2023, were not chargeable to the People, since the transcript of the pertinent proceedings established that defense counsel requested the adjournments at issue (see CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555; People v Pike, 228 AD3d at 887). These adjournments were for the defendant's benefit; he acquiesced therein, and he is, accordingly, deemed to have waived any objection to the delays (see People v Worley, 66 NY2d 523; People v Buntin, 118 AD2d 863).

Moreover, the Supreme Court should have held a hearing to resolve factual issues related to that branch of the defendant's motion which was to dismiss the indictment on speedy trial grounds with respect to the time periods from March 9, 2023, to April 17, 2023, April 17, 2023, to May 15, 2023, and May 15, 2023, to May 22, 2023 (see CPL 210.45). Review of the defendant's motion papers, the People's opposition papers, and the defendant's reply papers reveals that there was a factual dispute as to the excludability of these time periods. These issues can only be properly resolved at a hearing (see id. § 210.45[3], [5], [6]; People v Santos, 68 NY2d 859, 861-862; People v Gruden, 42 NY2d 214, 217-218; People v Beckerman, 184 AD3d 850, 850; People v Brady, 167 AD3d 927, 928).

Accordingly, the order must be reversed insofar as appealed from and the matter remitted to the Supreme Court, Kings County, for a hearing pursuant to CPL 210.45(6) for the time periods from March 9, 2023, to April 17, 2023, April 17, 2023, to May 15, 2023, and May 15, 2023, to May 22, 2023, and a new determination thereafter of that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

BRATHWAITE NELSON, J.P., WAN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court