█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 14, 1986, convicting him of attempted burglary in the second degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied due process and his constitutional right to confrontation when the trial court erroneously precluded him from cross-examining the sole eyewitness about her recent conviction for grand larceny in the third degree.

A review of the trial proceedings as a whole indicates that the defendant was not denied a fair trial. Indeed, the conviction itself and the underlying facts of the conviction of the witness, to wit, that she fraudulently cashed welfare checks, were fully brought out in the testimony of the witness, both on direct and cross-examination. The trial court, in its charge to the jury, also referred to the conviction and properly instructed on how such a conviction may affect a witness's credibility.

Further, the trial court's preclusion of cross-examination as to the witness's convictions for harassment violations, which were not crimes, was not an improvident exercise of discre-

tion. The scope of cross-examination is always subject to the broad discretion of the trial court (see, *Davis v Alaska,* 415 US 308; *People v Stanard,* 42 NY2d 74, *cert denied* 434 US 986; *People v Duffy,* 36 NY2d 258, 262, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861). Given the nature of the violations involved and that defense counsel elicited the fact that she had been arrested more than once for fighting, the ruling of the trial court was within the bounds of its discretion. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.