■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DONATI, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Kepner, J.), rendered January 31, 1985, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DONATI, SR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Kepner, J.), rendered January 31, 1985, convicting him of assault in the second degree, criminal possession of a weapon

in the fourth degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence presented at trial establishes that on September 27, 1983, the defendant, Steven Donati, Sr., and his son, the codefendant Steven Donati, Jr., acting in concert, physically attacked and seriously injured the victim. During the course of this assault, the elder Donati repeatedly punched and kicked the victim, and the younger Donati, in addition to doing likewise, stabbed the victim in the stomach with a folding knife. The younger Donati, at his father's behest, then took $10 from the victim.

The complaining witness, upon whose testimony the prosecution's case was principally based, was subjected to extensive cross-examination with respect to his criminal and psychiatric history. Even if we were to assume that the trial court improvidently exercised its discretion in limiting the scope of this cross-examination by precluding inquiry into certain of this witness' prior bad acts (cf., People v Thomas, 141 AD2d 782 [no improvident exercise of discretion for court to preclude cross-examination as to prosecution witness's prior harassment conviction]), we would conclude that there is no significant probability that any such improvident exercise of discretion affected the jury's verdict. Further, the trial court properly exercised its discretion with respect to its rulings concerning the admissibility of this witness's psychiatric records. Since the jury was made fully aware of the witness's mental history, any error in this respect would also clearly have been harmless.

We have examined the defendant's remaining contentions, and find them to be without merit (see, People v Donati, 169 AD2d 837 [decided herewith]). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.