*880 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The court’s direction to the court officer to "[t]ake the jury out to dinner and a hotel” was not an improper delegation of judicial authority (see, People v Bonaparte, 78 NY2d 26 [decided herewith]). There is no indication on this record that the court officer’s communications to the jury in attempting to carry out those instructions were anything other than ministerial.
Further, defense counsel did not ask the court to deliver a sequestration instruction to the jury. Consequently, any claim that the court erred in failing to give such an instruction is not preserved for our review (see, People v Bonaparte, supra).
Nor was the court’s Allen charge (see, Allen v United States, 164 US 492) unbalanced or coercive for its failure to emphasize that "the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows” (id., at 501). The supplemental instruction viewed as a whole was simply encouraging rather than coercive and was appropriate in light of the fact that the "deadlocked” jury had been deliberating for less than four hours.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.