■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RALPH BROWN, Respondent. [611 NYS2d 707] —Mikoll, J. P. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered August 23, 1993, which, upon reconsideration, reduced count I of the indictment from robbery in the second degree to robbery in the third degree.

Defendant was charged in count I of an indictment with robbery in the second degree and in counts II and III with assault in the third degree. County Court dismissed counts I and III based on legal insufficiency of the evidence before the Grand Jury. On a motion to reconsider, the court vacated its order dismissing count I and reduced count I from robbery in the second degree to robbery in the third degree. This appeal ensued.*

A Grand Jury is empowered to indict if evidence is legally sufficient and provides reasonable cause to believe the defendant committed the crime (CPL 190.65; see, People v Jennings, 69 NY2d 103, 114-116). The question of reasonable cause is

---

* The People do not challenge the dismissal of count III.

exclusively the province of the Grand Jury *(People v Deegan,* 69 NY2d 976, 978-979). "Legally sufficient evidence" means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof (CPL 70.10 [1]). An indictment is presumptively valid and the evidence in support of it must be viewed in a light most favorable to the People *(see, People v Garbarino,* 152 AD2d 254, 256, *lv denied* 75 NY2d 919). It is irrelevant that other innocent inferences could possibly be drawn from the facts as long as the Grand Jury could rationally have drawn the guilty inference.

The evidence before the Grand Jury showed that Mark Lelik encountered defendant and Ishka Alpern on June 11, 1993 after exiting a bar. Alpern pushed Lelik to the ground and both he and defendant proceeded to kick him. When Lelik got up both defendant and Alpern grabbed his arms; defendant removed cash from Lelik's pocket and Alpern removed a wristwatch from his arm.

Robbery in the second degree is committed when a person forcibly steals property and when he is aided by another person actually present *(see,* Penal Law §§ 160.00 and 160.10 [1]). The evidence before the Grand Jury was sufficient to establish robbery in the second degree.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as reduced count I of the indictment; count I is reinstated; and, as so modified, affirmed.