■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK KINARD, Appellant. [626 NYS2d 858] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 10, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in restricting the defendant's cross-examination of the arresting officer with respect to "spectators" at the scene of the defendant's arrest, nor with regard to whether the same officer had ordered a fingerprint check of the weapon that he had witnessed the defendant discard, as both lines of inquiry, in addition to being without foundation, would have caused the jury to speculate about irrelevant matters and matters not in evidence *(see, e.g., People v Duncan,* 46 NY2d 74, 80-81; *People v Hendricks,* 214 AD2d 584; *People v Thomas,* 141 AD2d 782, 783). In any event, we note that the defendant was able to present to the jury his theory that without additional eyewitnesses and fingerprint evidence, there was insufficient proof to convict him of criminal possession of a weapon *(see, e.g., People v Piazza,* 48 NY2d 151, 164-165). Furthermore, the court expressly instructed the jury to consider whether there was a lack of evidence, and whether a reasonable doubt could spring from such a lack *(cf., People v Rodriguez,* 141 AD2d 382, 384).

Although in its *Allen* charge *(Allen v United States,* 164 US 492) the court did not expressly instruct that each juror was entitled to maintain "conscientiously held opinions", the charge as a whole was balanced, proper, and encouraging rather than coercive *(see, e.g., People v Ford,* 78 NY2d 878, 880; *People v Pagan,* 45 NY2d 725, 726-727). At no point did the court urge that a dissenting juror abandon his or her own conviction and join in the opinion of others, attempt to shame the jurors into reaching a verdict, or endeavor to compel the jurors to agree upon a particular result *(see, e.g., People v Fleury,* 177 AD2d 504, 504-505; *People v Austin,* 168 AD2d 502, 502-503). Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.