■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BROWN, Appellant. [652 NYS2d 336] —Cardona, P. J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered July 29, 1994, upon a verdict convicting defendant of the crime of assault in the third degree.

Defendant was charged in a three-count indictment with robbery in the second degree and two counts of assault in the third degree. It was alleged that on June 11, 1993, in Tompkins County, defendant, aided by another person later identified as Ishka Alpern, forcibly stole property from Mark Lelik and caused him to sustain physical injury. County Court dismissed the first and third counts charging robbery in the second degree and assault in the third degree, respectively, based on the legal insufficiency of the evidence before the Grand Jury. On a motion to reconsider, the court vacated its order dismissing the first count and, instead, reduced it from

robbery in the second degree to robbery in the third degree. The People appealed. We modified the order and reinstated the charge of robbery in the second degree (204 AD2d 789). Following a jury trial, defendant was convicted of one count of assault in the third degree (intentionally causing physical injury [*see*, Penal Law § 120.00 (1)]) and was sentenced to a definite term of nine months in jail. Defendant appeals.

Defendant contends that County Court erred in failing to dismiss the robbery charge against him following Alpern's acquittal of robbery in the second degree in his separate trial. Defendant argues that Alpern's acquittal made it legally impossible, under the theory of collateral estoppel, for a jury to convict him of the same charge. In other words, Alpern's prior acquittal amounted to a determination that he did not aid defendant during the commission of the alleged robbery, thereby negating an essential element of that charge under Penal Law § 160.10 (1).* We disagree. Collateral estoppel does not operate to bar defendant's prosecution, since his "interests were not put directly in issue" at Alpern's prior trial (*People v Berkowitz*, 50 NY2d 333, 346). It is well settled that "the doctrine of collateral estoppel may be used only against a party who has had a full and fair opportunity to previously litigate that same issue, and the People simply do not have a full and fair opportunity to contest the guilt of one defendant at the trial of another defendant" (*supra*, at 347).

Defendant also argues that dismissal of the robbery charge was warranted because any verdict convicting him would have been inconsistent or repugnant to the verdict acquitting Alpern of the same robbery. Defendant's acquittal of robbery in the second degree renders this argument academic. Nevertheless, were we to consider this argument, we would reject it since a verdict convicting defendant of robbery in the second degree would only be deemed repugnant to Alpern's acquittal on the same charge, if, *at a joint trial based upon the same evidence*, the jury instructions revealed that the verdict was "inherently inconsistent when viewed in light of the elements of [the] crime * * * charged" (*People v Tucker*, 55 NY2d 1, 4; *see*, *People v Green*, 126 AD2d 105, 108, *affd* 71 NY2d 1006).

We further find no merit to defendant's contention that count 2 of the indictment charging assault in the third degree should have been dismissed based on Alpern's prior acquittal.

---

* Penal Law § 160.10 provides, in pertinent part, as follows:

"A person is guilty of robbery in the second degree when he forcibly steals property and when:

"(1) He is aided by another person actually present".

That charge did not require any proof that defendant was aided by another (*see,* Penal Law § 120.00 [1]). Moreover, the record shows that the People confined their remarks, in both their opening and closing statements, to a discussion of the only two elements comprising that charge under Penal Law § 120.00 (1), i.e., an intent to cause physical injury to Lelik and causing such injury to him.

Next, defendant contends that the trial proof was legally insufficient to support his conviction for assault in the third degree. Viewed in a light most favorable to the prosecution (*see, People v Harper,* 75 NY2d 313, 316; *People v Contes,* 60 NY2d 620, 621), the evidence shows that Lelik had known defendant for over 15 years prior to the altercation. According to Lelik, at approximately 1:00 A.M. defendant came up to him in the Club Semesters and asked Lelik to buy him a drink. Lelik refused, telling defendant, "I worked hard for my money and I suggest you do the same thing." About 20 or 30 minutes later, Lelik left the club and went across the street to a store when he noticed defendant and Alpern, whom he also knew, approaching him. Lelik put his hand out to shake hands with them and Alpern pushed him to the ground. Lelik described how defendant and Alpern stood over him and took turns kicking him. When Lelik stood up he grabbed his head, felt blood and severe pain. Alpern and defendant each took hold of one of Lelik's arms. Defendant reached into Lelik's pocket and took money out of it. Lelik left the scene and experienced "a lot of pain" that night. He sought medical attention the next day and was given pain medication. Lelik stated that he sustained a cut to his head, and scrapes and bruises above his waist. Because of the pain, he missed five days of work. Additionally, a bartender at the scene confirmed that Alpern pushed Lelik to the ground and that Lelik was kicked by a shorter black male approximately 5 feet 5 inches tall who weighed around 170 pounds. At trial, Lelik described defendant as being 5 feet 2 inches tall with a stocky build.

We find that the evidence provided a valid line of reasoning and permissible inferences from which a jury could find defendant guilty beyond a reasonable doubt of the crime of assault in the third degree (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Cancer,* 232 AD2d 875, 876; *People v Page,* 225 AD2d 831, *lv denied* 88 NY2d 883). Furthermore, upon the exercise of our factual review power, we conclude that the jury's verdict was not against the weight of the evidence (*see, People v Bleakley, supra; People v Page, supra*).

We have considered defendant's remaining contentions and find that they lack merit.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.