■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY BEST, Appellant. [743 NYS2d 313] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered October 14, 1999, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove the agency defense beyond a reasonable doubt is not preserved for appellate review (*see People v Shands,* 269 AD2d 613, 614). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to disprove the defendant's claim that he was acting as an agent of the undercover officer in the narcotics transaction (*see People v Leybovich,* 201 AD2d 670; *People v Torres,* 150 AD2d 816). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a jury trial is also unpreserved for review, since he did not set forth the issue on the record at the time of sentencing (*see People v Robinson,* 287 AD2d 582, *lv denied* 97 NY2d 708). In any event, the contention is without merit. The record discloses no vindictiveness on the part of the County Court in arriving at the

sentence, and the fact that the sentence imposed at trial was greater than that offered during plea negotiations is irrelevant (*see People v Robinson, supra; People v Allah,* 283 AD2d 436; *People v Bellilli,* 270 AD2d 355). The sentence imposed was not otherwise excessive (*see People v Suitte,* 90 AD2d 80). Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.