■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR ALI, Appellant. [753 NYS2d 851] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered January 31, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States,* 164 US 492) was coercive is not preserved for appellate review since he did not raise a specific objection on that ground (*see People v Ramkisson,* 245 AD2d 393; *People v McRae,* 266 AD2d 241). In any event, the charge as a whole was not coercive (*see People v Ford,* 78 NY2d 878, 880; *People v Kinard,* 215 AD2d 591).

The defendant also failed to preserve his claim that the trial court erroneously charged the jury that the techniques used by the police to collect evidence were not their "concern" (*see People v Hernandez,* 172 AD2d 560). In any event, while that instruction may not have been appropriate, the charge, when read as a whole, adequately conveyed to the jurors that it was their duty to reach a verdict based on the sufficiency of the ev-

idence or the lack of evidence and that the police were not required to investigate or prove the People's case in any particular way (*see People v Marchese,* 224 AD2d 341, 342).

The defendant's remaining contention is without merit. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.