■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTICE ENNETT, Appellant. [823 NYS2d 527]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 23, 2003, convicting him of criminal sale of a controlled substance in the third degree, assault in the second degree, and conspiracy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of conspiracy in the third degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of conspiracy in the third degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court providently exercised its discretion in imposing no sanction against the People for the loss of *Rosario* material (*People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US

866 [1961]). The defendant failed to carry his burden of showing a reasonable possibility that the officers' loss or destruction of their notes and one of the officers' memo book materially contributed to the result of his trial or caused him any prejudice (*see* CPL 240.75; *People v Sorbello,* 285 AD2d 88, 96 [2001]).

Contrary to the defendant's contention, the trial court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]), as a whole, was not coercive (*see People v Ford,* 78 NY2d 878, 880 [1991]; *People v Pagan,* 45 NY2d 725, 726-727 [1978]; *People v Ali,* 301 AD2d 609 [2003]; *People v Kinard,* 215 AD2d 591 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's contentions raised in point two of his brief, relating to the issue of whether certain allegedly inflammatory remarks by a police witness and the assistant district attorney deprived him of a fair trial, and in point five adopting the arguments made in his codefendants' briefs relating to the amendment of the indictment and the sealing of the courtroom, are without merit, and the defendant's remaining contentions in point five adopting the arguments made in his codefendants' briefs are unpreserved for appellate review and, in any event, are without merit (*see People v Tyrell Norris,* 34 AD3d 501 [2006] [decided herewith]; *People v Elbert Norris,* 34 AD3d 500 [2006] [decided herewith]). Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.