■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT NORRIS, Appellant. [823 NYS2d 526]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 15, 2003, convicting him of criminal sale of a controlled substance in the third degree (five counts) and conspiracy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal sale of a controlled substance in the third degree under count 166 of the indictment with respect to the defendant Elbert Norris, vacating the sentence imposed thereon, and dismissing that count of the indictment against the defendant Elbert Norris; as so modified the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of conspiracy in the third degree and criminal sale of a controlled substance in the third degree relating to the sale of heroin by Charles Jones to an undercover detective on June 17, 2002. Viewing the evidence in the light most favorable to the prosecution (*People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of conspiracy in the third degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of conspiracy in the third degree was not against the weight of the evidence (*see* CPL 470.15 [5]). However, we find that the evidence supporting count 166 of the indictment, charging the defendant with criminal sale of a controlled substance in the third degree relating to the sale of heroin by Charles Jones to an undercover officer on June 17, 2002 was not supported by legally sufficient evidence.

The trial court providently exercised its discretion in imposing no sanction against the People for the loss of *Rosario* material (*People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). The defendant failed to carry his burden of showing a reasonable possibility that the officers' loss or destruction of their notes and one of the officers' memo book materially contributed to the result of his trial or caused him any prejudice (*see* CPL 240.75; *People v Sorbello,* 285 AD2d 88, 96 [2001]).

The trial court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]), as a whole, was not coercive (*see People v Ford,* 78 NY2d 878, 880 [1991]; *People v Pagan,* 45 NY2d 725, 726-727 [1978]; *People v Ali,* 301 AD2d 609 [2003]; *People v Kinard,* 215 AD2d 591 [1995]).

The defendant failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to a trial, as he did not raise this issue at the time of sentencing (*see People v Best,* 295 AD2d 441 [2002]). In any event, the contention is without merit. The Supreme Court did not act vindictively in imposing sentence. That the sentence after trial was greater than that offered during plea negotiations does not establish that the court was retaliating against the defendant for exercising his right to trial (*see People v Best, supra* at 441-442; *People v Bellilli,* 270 AD2d 355 [2000]). The sentence imposed was not otherwise excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.