■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL NORRIS, Appellant. [823 NYS2d 523]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 17, 2003, convicting him of criminal sale of a controlled substance in the third degree (four counts) and conspiracy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of criminal sale of a controlled substance in the third degree charged in count 94 of the indictment with respect to the defendant Tyrell Norris, vacating the sentence

imposed thereon, and dismissing that count of the indictment against the defendant Tyrell Norris; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of four counts of criminal sale of a controlled substance in the third degree is unpreserved for appellate review, as his motion and renewed motion for a trial order of dismissal were directed only to the conspiracy counts (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the three counts of criminal sale of a controlled substance in the third degree based upon the sales which occurred on April 23, 2002 and April 24, 2002. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to those counts was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, we find that the verdict convicting the defendant of criminal sale of a controlled substance in the third degree relating to the sale of crack cocaine by codefendant Kelvin Santos to an undercover detective on May 17, 2002 was against the weight of the evidence (*see* CPL 470.15 [5]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes, supra*), we find that it was legally sufficient to establish the defendant's guilt of conspiracy in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of conspiracy in the third degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The admission of evidence of the defendant's possession of narcotics, for which he was previously convicted, did not violate the constitutional prohibition against double jeopardy. Such evidence was relevant to the conspiracy charges, which required proof of an overt act by one of the conspirators in furtherance of the conspiracy (*see* Penal Law § 105.20). Therefore, such evidence was properly admitted (*see People v Lack,* 299 AD2d 872, 873 [2002]; *People v Knapp,* 113 AD2d 154, 160-161 [1985], *lv denied* 67 NY2d 945 [1986], *cert denied* 479 US 844 [1986]). Moreover, the defendant's prior convictions for possession of narcotics did not bar his subsequent prosecution for conspiracy (*see Blockburger v United States,* 284 US 299, 304 [1932]).

The Supreme Court providently exercised its discretion in imposing no sanction against the People for the loss of *Rosario* material (*People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368

US 866 [1961]). The defendant failed to carry his burden of showing a reasonable possibility that the officers' loss or destruction of their notes and one of the officers' memo book materially contributed to the result of the defendant's trial or caused him any prejudice (*see* CPL 240.75; *People v Sorbello,* 285 AD2d 88, 96 [2001]).

The trial court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]), as a whole, was not coercive (*see People v Ford,* 78 NY2d 878, 880 [1991]; *People v Pagan,* 45 NY2d 725, 726-727 [1978]; *People v Ali,* 301 AD2d 609 [2003]; *People v Kinard,* 215 AD2d 591 [1995]).

The defendant failed to preserve for appellate review his contention that the court penalized him for exercising his right to a trial, as he did not raise this issue at sentencing (*see People v Best,* 295 AD2d 441 [2002]). In any event, the contention is without merit. The Supreme Court did not act vindictively in imposing sentence. That the sentence after trial was greater than that offered during plea negotiations does not establish that the court was retaliating against the defendant for exercising his right to trial (*see People v Best, supra* at 441-442; *People v Bellilli,* 270 AD2d 355 [2000]).

The defendant's contentions raised in point three of his brief, relating, inter alia, to the issue of whether the allegedly prejudicial effect of the volume of evidence introduced at trial deprived him of a fair trial, point six, relating to the issue of whether the assistant district attorney's summation deprived him of a fair trial, and point seven relating to the issue of whether he was denied his right to confront a witness against him are unpreserved for appellate review and, in any event, are without merit, and the defendant's remaining contentions are without merit. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.