THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW BIROT, Appellant. [952 NYS2d 293]—

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. The People established in the first instance that the photographic identification procedure and lineup were not improper, and the defendant failed to establish that the procedures were unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]; *People v Seymour*, 77 AD3d 976, 978 [2010]).

The Supreme Court properly denied the defendant's CPL 330.30 motion. The defendant failed to establish that the People violated his rights under *Brady v Maryland* (373 US 83 [1963]). To the extent that the defendant's factual assertions concerning the undisclosed material were based on matter outside the trial record, the Supreme Court properly declined to consider them (*see* CPL 330.30 [1]; *People v Wolf*, 98 NY2d 105, 119 [2002]; *People v Thomas*, 71 AD3d 1061, 1062 [2010]; *People v Ai Jiang*, 62 AD3d 515 [2009]).

The defendant's contention that the prosecutor improperly vouched for the credibility of an eyewitness during summation is without merit. The challenged remarks were responsive to defense counsel's summation (*see People v McCoy*, 89 AD3d 1110, 1110 [2011]; *People v Carey*, 67 AD3d 925, 925 [2009]). The defendant's contentions that he was deprived of a fair trial by certain other remarks made by the prosecutor during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, the challenged remarks were either fair comment on the evidence adduced at trial or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of gang assault in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

"Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the defendant's claim that the evidence presented to the grand jury was legally insufficient" (*People v Bajana*, 82 AD3d 1111, 1112 [2011]; *see* CPL 210.30 [6]; *People v Folkes*, 43 AD3d 956, 957 [2007]).

The defendant's remaining contentions are without merit. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.