Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered September 7, 2010, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court improperly permitted Detective Jeffrey Gross, who was not a witness to the crime in question, to testify that, in his opinion, the person depicted in a surveillance video was the defendant, is unpreserved for appellate review (see CPL 470.05 [2]; People v Serrano, 74 AD3d 1104, 1106 [2010]; People v Kelly, 67 AD3d 706, 707 [2009]). In any event, the defendant’s contention is without merit, as the opinion testimony of Detective Gross, who had encountered the defendant on numerous occasions over more than 15 years, was of assistance to the jury, particularly since the defendant had changed his appearance after the commission of the crime (see People v Rivera, 259 AD2d 316, 317 [1999]; People v Morgan, 214 AD2d 809, 810 [1995]; People v Russell, 165 AD2d 327, 332 [1991], affd 79 NY2d 1024 [1992]).
Contrary to the defendant’s contention, the Supreme Court did not improvidently exercise its discretion in denying his mo *934 tion for a mistrial following testimony from Detective Rhoderick Barrett that, during the course of the investigation, he “went through some of the old burglary cases.” The Supreme Court sustained defense counsel’s immediate objection, struck the statement, and gave a prompt curative instruction, which was sufficient to alleviate any prejudice (see People v Hicks, 84 AD3d 1402, 1402-1403 [2011]; People v Brescia, 41 AD3d 613, 613-614 [2007]).
The defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
The defendant’s contention in his pro se supplemental brief that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Garcia, 66 AD3d 699 [2009]; People v Norris, 34 AD3d 500, 501 [2006]; People v Best, 295 AD2d 441, 441 [2002]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (see People v Pena, 50 NY2d 400, 411 [1980], cert denied 449 US 1087 [1981]; People v Jimenez, 84 AD3d 1268, 1269 [2011]; People v Norris, 34 AD3d at 501; People v Best, 295 AD2d at 442). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Mastro, J.P, Rivera, Chambers and Lott, JJ., concur.