People v Wright (2018 NY Slip Op 02347)





People v Wright


2018 NY Slip Op 02347


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-10937
 (Ind. No. 270/12)

[*1]The People of the State of New York, respondent,
v
Ronald Wright, appellant. Ronald Wright, Malone, NY, appellant pro se.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Lori Glachman, and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered October 28, 2014, convicting him of robbery in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree under count five of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the convictions were not supported by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree and criminal possession of a weapon in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero 7 NY3d 633).
However, the defendant correctly contends, and the People properly concede, that the conviction of criminal possession of a weapon in the second degree subjected him to double jeopardy. Prior to the defendant's trial in this case, the defendant pleaded guilty in Nassau County to possessing the same gun that was used in the instant robbery. There was no evidence offered at trial to show that the defendant's possession of the gun was not continuous. Thus, the defendant's possession of the same gun on December 14, 2011, in Kings County in connection with the instant robbery, and on December 20, 2011, in Nassau County, constituted a single offense for which he could be prosecuted only once (see Matter of Johnson v Morgenthau, 69 NY2d 148; People v Agard, 199 AD2d 401, 403). Accordingly, the conviction of criminal possession of a weapon in the second [*2]degree arising from the incident of December 14, 2011, must be vacated.
Contrary to the defendant's contention, the Supreme Court properly admitted evidence of the defendant's conviction in Nassau County under Indictment No. 82N-12 of criminal possession of a weapon in the fourth degree, the underlying facts of that conviction, including that the gun was recovered during a car stop in Nassau County on December 20, 2011, and ballistics evidence showing that the loaded gun recovered from defendant's car on December 20, 2011, was the same gun used in the instant robbery committed in Kings County on December 14, 2011. Evidence of the defendant's conviction in Nassau County of criminal possession of a weapon in the fourth degree was probative of the defendant's intent to commit the instant robbery in the complainant's home, was inextricably interwoven with the instant robbery, and was necessary to complete the narrative of events leading to the defendant's arrest in the instant robbery case (see People v Tosca, 98 NY2d 660, 661; People v Till, 87 NY2d 835, 837; People v Molineux, 168 NY 264; People v Henry, 166 AD2d 720). In addition, the probative value of this evidence outweighed the risk of prejudice to the defendant (see People v Alvino, 71 NY2d 233; People v Giuca, 58 AD3d 750; People v Washington, 28 AD3d 335; People v Elder, 12 AD3d 379; People v Edwards, 295 AD2d 270), and the court's limiting instruction to the jury served to alleviate any prejudice resulting from the admission of the evidence (see People v Beer, 146 AD3d 895; People v Holden, 82 AD3d 1007).
Contrary to the defendant's contention, the Supreme Court properly denied his application to admit the hearsay statement of a nontestifying coconspirator. The defendant failed to establish that the statement was against the penal interest of the nontestifying coconspirator, including that the statement was reliable (cf. People v Shabazz, 22 NY3d 896, 898; People v Brensic, 70 NY2d 9, 14; People v Settles, 46 NY2d 154, 167).
Contrary to the defendant's contention, the Supreme Court properly determined that the failure of the People to produce a surveillance tape showing the defendant and a coconspirator arriving at the complainant's home just before the robbery did not constitute a violation of his rights under Brady v Maryland (373 US 83). The evidence at trial established that the surveillance tape was inadvertently lost. Thus, the defendant failed to establish that the surveillance tape was suppressed by the People. In addition, the defendant failed to establish that the surveillance tape was exculpatory or impeaching in nature (see generally Strickler v Greene, 527 US 263, 281-282; Giglio v United States, 405 US 150, 154-155). Furthermore, insofar as the evidence established that the surveillance tape was inadvertently lost and not destroyed in bad faith, the complainant's testimony as to what the lost surveillance tape showed did not violate the best evidence rule (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643).
Contrary to the defendant's contention, the complainant properly authenticated certain video clips and still photographs. The evidence at trial established that the complainant and a detective viewed the surveillance tape after the robbery, and that the complainant copied a three-second video clip from that surveillance tape to his cell phone from which certain still photographs were made. The video clip and the photographs showed the defendant and a coconspirator arriving at the complainant's home before the robbery and showed them running from the home, getting hurriedly into a car and driving away after the robbery. The complainant's authentication of the video clip and photographs was proper because he witnessed what was captured on the video clip and photographs, and he testified that he was familiar with the video system (see People v Patterson, 93 NY2d 80, 84-85; People v McGee, 49 NY2d 48, 59-60; People v Costello, 128 AD3d 848; People v Hill, 110 AD3d 410-411).
The defendant failed to preserve for appellate review his contention that the Supreme Court's curtailment of his cross-examination of the complainant constituted a violation of his Sixth Amendment right of confrontation (see CPL 470.05[2]). In any event, insofar as the court afforded the defendant the opportunity to contradict answers given by the complainant to show bias, interest, or hostility (see People v Diaz, 85 AD3d 1047, 1050, affd 20 NY3d 569), the defendant was not deprived of his right of confrontation (see id. at 150; People v Vigliotti, 203 AD2d 898). The defendant's similar contention that the court's curtailment of his cross-examination of the [*3]complainant constituted a violation of the defendant's right to due process is likewise without merit. "The nature and extent of cross-examination is subject to the sound discretion of the Trial Judge" (People v Schwartzman, 24 NY2d 241, 244; see People v Kinard, 215 AD2d 591). Here, the court properly limited defense counsel's cross-examination of the complainant because counsel's line of inquiry, in addition to being without foundation, would have caused the jury to speculate about irrelevant matters and matters not in evidence (see People v Kinard, 215 AD2d at 591; People v Hendricks, 214 AD2d 584; People v Thomas, 141 AD2d 782).
The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during summation is not preserved for appellate review because the defendant either failed to object to the prosecutor's statements or made only general objections, and did not seek curative instructions or move for a mistrial when his objections were sustained (see CPL 470.05[2]; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824, 825). In any event, the prosecutor's statements in his summation, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693, 695; People v McHarris, 297 AD2d at 825), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446, 447; People v Vaughn, 209 AD2d 459, 459-460). Any improper statements were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Almonte, 23 AD3d 392, 394; People v Svanberg, 293 AD2d 555).
The defendant's contention that the verdict was repugnant because the jury found him guilty of criminal possession of a weapon in the second degree but acquitted him of robbery in the first degree is unpreserved for appellate review, as he failed to raise the issue before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987; People v Tharpe, 92 AD3d 701, 702; People v Vazquez, 82 AD3d 1273, 1275; People v Ariza, 77 AD3d 844, 845). In any event, the contention is academic in light of the vacatur of the conviction of criminal possession of a weapon in the second degree (see generally People v Brown, 235 AD2d 589).
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court