People v Megnath (2018 NY Slip Op 05868)





People v Megnath


2018 NY Slip Op 05868


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2010-04792
 (Ind. No. 917/07)

[*1]The People of the State of New York, respondent,
v
Hemant Megnath, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert J. Hanophy, J.), rendered May 11, 2010, convicting him of murder in the first degree, intimidating a victim or witness in the first degree, bribing a witness, and coercion in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the convictions were not supported by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the first degree, intimidating a victim or witness in the first degree, bribing a witness, and coercion in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The prosecutor's interrogation of the defendant's witnesses on cross-examination was properly limited to the witnesses' testimony on direct examination (see People v Schwartzman, 24 NY2d 241, 244; People v Kinard, 215 AD2d 591; People v Hendricks, 214 AD2d 584; People v Thomas, 141 AD2d 782) and was relevant to the witnesses' credibility, veracity, and honesty (see People v Walker, 83 NY2d 455, 459; People v Connolly, 259 AD2d 1039).
We agree with the Supreme Court's determination to preclude a witness from testifying that the defendant generally put out his garbage in front of his home in Brooklyn at 8:30 a.m. as an alibi to the murder, which occurred at about 8:00 a.m. in Queens. This was not admissible as habit evidence because it was insufficient to establish such a repetitive pattern as to be predictive of the defendant's conduct (see People v Simmons, 39 AD3d 235, 236; Jerome Prince, Richardson on Evidence § 4-601 at 197-198 [Farrell 11th ed.]).
The defendant failed to preserve for appellate review his contention that certain comments made by the prosecutor during summation deprived him of a fair trial (see CPL 470.05[2]). In any event, the challenged remarks, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693, 695; People v McHarris, 297 AD2d 824, 825), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808, 810; People v Clark, 222 AD2d 446, 447; People v Vaughn, 209 AD2d 459, 459-460). Any improper statements were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Almonte, 23 AD3d 392, 394; People v Svanberg, 293 AD2d 555).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court