People v Adolph (2022 NY Slip Op 03735)

People v Adolph

2022 NY Slip Op 03735

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2016-12945
 (Ind. No. 43/16)

[*1]The People of the State of New York, respondent,
v
Tyron Adolph, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered November 10, 2016, convicting him of predatory sexual assault against a child (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of predatory sexual assault against a child under count 3 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt of predatory sexual assault against a child as charged in count 3 of the indictment beyond a reasonable doubt. As relevant here, a person is guilty of predatory sexual assault against a child when he or she, being 18 years old or more, commits the crime of course of sexual conduct against a child in the first degree, and the victim is less than 13 years old (Penal Law § 130.96). As further relevant here, a person is guilty of course of sexual conduct against a child in the first degree when, over a period of not less than three months, he or she, being 18 years old or more, engages in two or more acts of sexual conduct, which include at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, with a child less than 13 years old (id. § 130.75[1][b]). Here, there was no evidence adduced at trial regarding the time period over which the sexual abuse of the subject child was said to have occurred. Accordingly, the conviction of predatory sexual assault against a child under count 3 of the indictment and the sentence imposed thereon must be vacated, and that count of the indictment dismissed.
The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during summation is unpreserved for appellate review insofar as the defendant either failed to object to the challenged statements or made only general objections thereto, and did not seek curative instructions or move for a mistrial when his objections were sustained (see CPL 470.05[2]; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824). In any event, the challenged statements, for the most part, constituted fair comment on the evidence and the [*2]inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693; People v McHarris, 297 AD2d at 825), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459), and any improper statements were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Almonte, 23 AD3d 392, 394; People v Svanberg, 293 AD2d 555).
The sentence imposed on the defendant's remaining convictions was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is academic in light of the vacatur of the conviction of predatory sexual assault against a child under count 3 of the indictment (see generally People v Brown, 235 AD2d 589).
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court